Appellant, Gary Hennig, appeals from the judgment of the Lake County Court of Common Pleas, convicting him of five counts of grand theft, in violation of R.C. 2913.02.
In the fall of 1996, appellant circulated flyers advertising his business "Hennig's Home Improvements" in the cities of Mentor, Willowick, and Eastlake in Lake County, Ohio. Several homeowners responded to appellant's advertisement, including Lawrence and Linda Dea, Anthony and Shirley Cline, Mark and Catherine Sullivan, and Patricia Zabukovec. Each of the above mentioned homeowners had similar experiences with appellant. They testified that, after receiving estimates from appellant, they each signed contracts and made downpayments, which they understood would be used to purchase materials. Appellant took approximately $8,600 from these homeowners, but they never received any materials, appellant did not commence any of their home improvement projects, and appellant did not return any of their money, upon request.
Appellant testified that his failure to commence work was due to inclement weather in November of 1996, a shortage of labor, and an untimely extradition to Florida for a probation violation arising out of a 1990 grand theft conviction. He testified that he intended to commence work for the Deas, Clines, Sullivans, and Mrs. Zabukovec when he returned to Ohio, as evidenced by letters and unsigned promissory notes mailed to his customers.
Detective Barry Witt of the Willowick Police Department and Pamela Anthony, a bank investigator for Key Bank, also testified at trial. They testified that appellant had a business account at Key Bank which was opened on October 2, 1996 and closed on January 7, 1997. Appellant's bank statement reflects that each time he deposited one of his customer's checks, he made several ATM withdrawals in increments of $250 and $300. For instance, after he deposited Mrs. Zabukovec's check for $3,050, he made three ATM withdrawals totaling $850 dollars; after he deposited the Deas' check for $1,395, he made five ATM withdrawals totaling $1,450; after he deposited the Clines' check for $1,800, he made ATM withdrawals totaling $950; and after he deposited the Sullivans' check for $2,411.45, he made seven ATM withdrawals totaling $2,000.
On August 6, 1997, appellant was indicted by the Lake County Grand Jury on ten counts of grand theft, in violation of R.C.2913.02. On March 24, 1998, a jury trial commenced. After the State presented its case, appellant moved for acquittal pursuant to Crim.R. 29. The trial court granted appellant's motion as to Counts Five and Six, the charges involving William and Sandra Naymick, dismissed those counts, and renumbered the indictment. The jury returned a verdict of guilty on Counts One, Three, Four, Five, and Seven of the indictment. Appellant was found not guilty of Counts Two, Six, and Eight. From his judgment of conviction, appellant asserts the following assignments of error:
 "[1.] The defendant-appellant's constitutional rights to due process under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10
of the Ohio Constitution were prejudiced by the ineffective assistance of trial counsel.
 "[2.] The trial court erred to the prejudice of the defendant-appellant in denying the motion for acquittal made pursuant to Crim.R. 29(A).
 "[3.] The trial court erred to the prejudice of the defendant-appellant when it returned a verdict of guilty against the manifest weight of the evidence.
 "[4.] The trial court's consideration of the defendant-appellant's lack of remorse during sentencing violated the defendant-appellant's Fifth Amendment Right to not be compelled to be a witness against himself and constitutes an abuse of discretion that necessitates a resentencing hearing before a different judge.
In his first assignment of error, appellant alleges that he was prejudiced by the ineffective assistance of his trial counsel. Appellant contends that his counsel's failure to file a subpoenaduces tecum for photocopies of checks written on his account, in October 1996, deprived the jury of relevant and competent evidence which would have changed the results of his trial. Appellant claims that the checks would have shown that he made deposits on materials for his customers.
In order to establish a claim for ineffective assistance of counsel, appellant must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his defense. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. A defense is not prejudiced unless a defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would [have been] different."Id. In the instant case, the record reveals that the prosecutor filed a subpoena duces tecum for all of appellant's bank records, including all of the checks written on his account; however, the bank investigator did not bring those checks to the trial, and appellant's trial counsel did not secure copies of the checks. Because those checks are not included in the record, it is impossible for this court to determine on a direct appeal whether appellant's trial counsel was ineffective. "Where the allegation of ineffective assistance of counsel is based on facts dehors the record, the appropriate remedy is a proceeding for postconviction relief." State v. Gibson (1980), 69 Ohio App.2d 91,430 N.E.2d 954, at paragraph three of the syllabus. Because a petition for postconviction relief is the only mechanism whereby a convicted defendant can present evidence outside the original trial record, we cannot determine in this appeal whether appellant's trial counsel was ineffective. Therefore, appellant's first assignment of error is overruled on the ground that he has failed to demonstrate the ineffectiveness of his trial counsel.
In appellant's second assignment of error, appellant alleges that the trial court erred by denying his Crim.R. 29 motion for acquittal. He contends that the State failed to prove beyond a reasonable doubt that appellant knowingly obtained or exerted control over his customers' money with purpose to deprive them of their money beyond the scope of their express or implied consent or by deception. Because appellant failed to renew his Crim.R. 29(A) motion at the close of all the evidence, he has waived any error in the denial of the motion. See State v. Miley (1996),114 Ohio App.3d 738, 742, 684 N.E.2d 102, citing Dayton v. Rogers
(1979), 60 Ohio St.2d 162, 163, 398 N.E.2d 781, overruled on other grounds.
Even though appellant failed to preserve this issue for appeal, after reviewing appellant's argument, we cannot agree that the trial court erroneously denied appellant's motion for acquittal. Under Crim.R. 29(A), a motion of acquittal is properly denied where "reasonable minds can reach different conclusions as to whether each element of a crime has been proved beyond a reasonable doubt." State v. Apanovitch (1987), 33 Ohio St.3d 19,23, 514 N.E.2d 394.
R.C. 2913.02 provides the elements for the offense of grand theft:
 "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 "(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
"(3) By deception[.]"
R.C. 2901.22(B) provides that:
 "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or be of a certain nature. A person has knowledge of such circumstances when he is aware that such circumstances probably exist."
R.C. 2913.01 defines "deception" as:
 "[K]nowingly deceiving another or causing to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact."
"It is well settled that a motion for judgment of acquittal should be granted only where reasonable minds could not fail to find reasonable doubt. State v. Bell (Sept. 19, 1994), Lake App. No. 93-L-041, unreported, citing State v. Bridgeman (1978),55 Ohio St.2d 261, 264. In the instant case, the State presented evidence that appellant told his customers that downpayments would be used to order materials, appellant did not purchase any materials for his customers, and he no longer has any of their money. Because reasonable minds could reach different conclusion as to whether appellant knowingly deprived his customers of their money, we cannot conclude that the trial court abused its discretion by denying appellant's Crim.R. 29 motion for acquittal. Appellant's second assignment of error has no merit.
In his third assignment of error, appellant alleges that the verdict, finding him guilty of five counts of grand theft, was against the manifest weight of the evidence. The test to determine whether a jury verdict in a criminal case is against the manifest weight of the evidence is as follows:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against conviction.
 State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
The trier of fact generally decides the weight to be given the evidence and the credibility of the witnesses. State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. "When reviewing questions of weight, the role of an appellate court is to engage in a limited weighing of the evidence adduced at trial in order to determine whether the state appropriately carried its burden of persuasion." State v.Patterson (May 22, 1998), Trumbull App. No. 96-T-5439, unreported.
 After reviewing the entire record, we do not believe that the verdict is against the manifest weight of the evidence. Each of appellant's victims testified that they gave money to appellant so that he could order material for their home improvement projects. Although appellant testified that a shortage of labor, inclement weather, and an unexpected extradition to Florida excused his failure to complete the home improvement jobs, appellant was unable to explain where his customers' money went. He testified that the money he had deposited into his business account was gone and his customers did not have materials. We cannot conclude that the jury lost its way or created such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered. Appellant's third assignment of error has no merit.
 In his fourth assignment of error, appellant alleges that the trial court's consideration of appellant's lack of remorse during sentencing violated his Fifth Amendment right to not be compelled to be a witness against himself. Appellant contends that the trial court abused its discretion when it stated:
 "The Court finds no mitigating factors. The Court futher finds recidivism is likely pursuant to R.C. 2929.12. The offense was committed, as I indicated, while under community control sanctions, one in Florida, and one in Georgia; you have a probation violation pending in Florida. I do not find any remorse in any of your testimony, other than an explanation why this happened and why you were found guilty, which I totally agree with the verdict of the Jury." (Emphasis added)
 Appellant was not compelled to be a witness against himself; the trial court's comment occurred at sentencing, after appellant had already been convicted of five counts of grand theft. Furthermore, R.C. 2929.12(D)(5) provides:
 "The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:
 "(5) The offender shows no genuine remorse for the offense."
The trial court did not abuse its discretion by commenting on appellant's lack of remorse. Appellant's fourth assignment of error has no merit.
Based on the foregoing, the judgment of the trial court is affirmed.
 ________________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.