NEW PHILADELPHIA (city) v HURST et

Ohio Appeals, 5th Dist, Tuscarawas Co

Decided April 29, 1937

Clayton Renner, City Solicitor, New Philadelphia, for appellant.

J. F. Stephenson, New Philadelphia, and Bowers, Stafford & Bowers, New Philadelphia, for appellees.

## OPINION

By SHERICK, J.

This action was commenced in the trial court on September 24, 1934. It is predicated upon a finding of the Bureau of Inspection and Supervision of Public Offices of the state of Ohio, against William F. Hurst, a former mayor of the city of New Philadelphia. Charles L. Hurst, a bondsman, is also made a party, as are also the widow and three distributees of the estate of a second bondsman, J. Edward Hurst, deceased. The distributee, Joseph E. Hurst, was the executor of the estate. At the time of the estate's final settlement, July 30, 1934, it was not known that it might be liable upon the bond of the city's former mayor.

Before proceeding further it may here be injected that appellees do not prosecute a cross-appeal, but in brief it is sought to be impressed upon this court that there is no statutory warrant or authority in joining the distributees with the principal and surety upon the bond and hence there was and is an improper joinder of parties defendant in this suit. In other words this court is asked to conclude that the trial court erred in overruling their respective motions and demurrers which made this question. Inasmuch as they do not appeal from the judgment entered, but the effect of which they would now maintain, it must be said in accordance with the well recognized rule that this being an appeal on questions of law only, a reviewing court may but consider the errors assigned by the complaining party. The appellees' claim in this respect must be disregarded.

The petition filed in this cause is in the accepted form prescribed by the statute. The separate answer of the widow and distributees, bearing date of January 23, 1935, among other matters, admits the finding of the bureau against William F. Hurst, former mayor, in the sum of $4214.30, and that they are distributees of the estate of J. Edward Hurst, but conclude with the averment that they are not liable or indebted in any sum to the city. Upon trial, plaintiff made proof of the bureau's finding and council's action authorizing suit, and of the fact that certain shares of corporate stock in the Democrat Publishing Company had an appraisal value of $9975, and introduced in evidence the final account filed in the estate which disclosed that this stock had been distributed among the distributees in kind.

At the conclusion of the plaintiff's case the defendants moved for an instructed verdict. This motion was overruled. Thereupon plaintiff countered with a like motion. The jury was then discharged and the court proceeded to enter judgment in appellant's favor as against the mayor and his living bondsman, but rendered judgment in favor of the widow and the three distributees. The appellant complains of that portion of the judgment which is in favor of the three distributees. It is maintained that the judgment in this respect is contrary to the law and the evidence. It is therefore evident that the sole question is: Did plaintiff's evidence establish proof of the facts encumbent upon it to prove in order to establish its case?

Appellees assert that proof of value of the distributed stock at time of inventory is not proof of its value at time of distribution. On the other hand the appellant claims that the proof of value made at the time of inventory, August 6, 1932, raises a presumption that such was its value at time of distribution, and that such value is presumed to endure until proof is made to the contrary. It is said, and the record indicates, that the trial court entered its judgment in favor of the distributees upon the theory that such a presumption could not endure over a two-year period on corporate stocks which ordinarily change in value and that the plaintiff had failed to make proof of this essential fact and hence must fail in its quest.

In view of the exception appearing in the last portion of §10509-221 GC, "that no one shall be compelled to pay more than the amount received by him from the decedent's estate," it does become material to prove the value of property inherited by a distributee, and that value is its worth when distributed to him. One might inherit a valuable property by the terms of a will but never come into possession of it for the reason that the estate was insolvent and the legacy or devise expended in the payment of estate debts. It is therefore apparent that in order to hold the distributee of a deceased bondsman it must

be proved that the thing received possessed a certain value at that time, for by the terms of the statute the judgment against him may not exceed the value of that which was inherited. If the record is silent in that respect, a trial court and jury are unable to determine the extent of liability of a distributee as is contemplated to be ascertained by the provision of the next preceding section §10509-220, GC, which prescribes that:

"Thereupon, by the verdict of the jury if either party requires it, the court must determine what sum, if any, is due to the plaintiff. They also according to the equities of the case, shall decide how much each of the defendants is liable to pay towards the satisfaction of the debt, and the court shall render judgment accordingly."

Now does proof of the value of the thing received at the date of the inventory raise a presumption as to its value at the time of actual acquisition? A solution of this legal principle is highly important in view of the fact that plaintiff's motion for a directed verdict asks the court to fix "the liability of various defendants herein and award execution against the assets in the hands of said defendants given to them by way of distribution." Had neither party so required, the court's action therein would not have been invoked or made necessary. But when requested to so act, it became mandatory that the court apply the evidence before it; but it does not follow that the court should speculate upon values which he would have to have done unless the presumption of appraised value endured.

We readily appreciate the general rule that where a state of things or a condition is shown to exist, a presumption arises that such continues to endure until proof to the contrary is adduced; but we are unwilling to apply or extend that rule to a case like the present involving the value of corporate stocks, for it is common knowledge that their worth is or may be constantly fluctuating. The rule of presumption is based on logical inference deducible from a proven fact. The element lacking in this instance is in that of logical inference. To conclude or infer that values of corporate stock would remain constant over a two-year period, during years like 1932, 1933 and 1934, would be to totally disregard all common knowledge to the contrary. The fact is the inference is illogical and a presumption of continued value which cannot be countenanced.

Although consel for appellant has not sought to sustain his point upon the theory that one may be required to make disclosure of evidence peculiarly within his knowledge, we are disposed to make certain observations in respect thereto. Without doubt Joseph E. Hurst, the appellee executor, possessed knowledge of the stock's value at the time of distribution. We note that he was served with a summons duces tecum; that he was called as a witness by the plaintiff; that he brought into court certain documents and records of the Democrat Publishing Company; that he was interrogated upon cross-examination, but that no information was sought of him as to the 1934 stock value. He therefore did not refuse to disclose that knowledge.

It is axiomatic that he who pleads must prove. The burden of proof is constant. It is only the burden of producing evidence which shifts. The fact that appellee, Joseph E. Hurst, possessed this fact peculiarly within his knowledge is not an iota of proof that he would testify that the inventory value was the value at distribution. If he would have so testified, the plaintiff should have elicited such evidence. It was a part of plaintiff's case. The opportunity for the production of this evidence was created but advantage was not taken thereof.

The court in Caswell v Maplewood Garage, 84 N. H. 241, 149 A. 746, 73 A.L.R. 433, has this to say with respect thereto:

"All this, however, is a mere rule as to procedure at the trial. It does not change the burden of proof, nor free the plaintiff from the rule that he cannot invoke the judgment of the jury unless there is some substantial evidence upon which to base the essential findings in his favor. It may be that for convenience the duty of producing evidence should be put upon the defendant, but when all the evidence has been produced, it must contain something tending to prove the plaintiff's case."

To our notion what was said by the New Hampshire court is appropos in this appeal. Plaintiff's evidence was wanting in proof of distribution value. It asked the court to fix "the liability of various defendants." This the court was unable to do. The judgment of the trial court must be and is affirmed.

Judgment affirmed.

MONTGOMERY, PJ, and LEMERT, J, concur.