JOURNAL ENTRY AND OPINION
This is an appeal from a guilty verdict following a bench trial before Garfield Heights Municipal Court Judge Deborah J. Nicastro. Appellant J. Harvey Crow claims that his conviction for two violations of Brecksville Codified Ordinance (B.C.O.) 1341.10 cannot stand because the City failed to prove that he owned or controlled the real estate in question on the dates alleged in the complaints. Appellee City of Brecksville contends that correspondence between the City and Crow in 1991, 1996 and 1997 was sufficient proof that he owned or occupied the property on and after October 2, 1998. We agree with Crow and reverse.
On October 2, 1998, Brecksville police executed a search warrant on property identified as 6809 Miller Road in Brecksville. The search revealed evidence of property maintenance violations including accumulated trash and junk vehicles, piles of tires, and a makeshift storage shed with a fallen roof. On October 15, 1998 the City filed three separate complaints, charging Crow, then 95 years old, with two violations of B.C.O. 1341.10, the first charging a failure to keep his property he owned or occupied free from nuisances, hazards, and unsanitary conditions, and the second charging a failure to maintain structurally sound premises. The third complaint charged Crow with dumping trash on his property in violation of B.C.O. 917.04. The complaints charged that Crow committed the violations on October 2, 1998, and thereafter.[1]
Crow filed a motion to dismiss and a motion to suppress evidence gathered pursuant to the October 2, 1998 search, both of which were denied, and trial was held on June 23, 1999. Robert L. Miller who, at the time of the complaints, served as Brecksville's Building Inspector, Electrical Inspector, Plumbing Inspector, and Housing and Zoning Maintenance Inspector and, at the time of trial, also served as the City's acting Building Commissioner, testified that he inspected the property in April 1998, and viewed it from the road on October 9, 1998, and again on June 21, 1999, two days before the trial. Miller testified both to the conditions he observed on those dates, and identified photographs of the property taken during the October 2, 1998 search.
The City also introduced correspondence between it and Crow concerning conditions on the property, in order to show that Crow owned or occupied the property. The documents revealed that on May 26, 1991, July 29, 1996, November 19, 1996, and January 8, 1997, Crow responded to letters notifying him of violations at the Miller Road address with letters arguably admitting or asserting his ownership or control of the property.
After the City presented its case, Crow filed a motion for acquittal pursuant to Crim.R. 29, claiming, inter alia, the City failed to show his ownership or control of the property on the relevant dates. The judge reserved ruling on this motion, Crow presented no evidence in defense and renewed the motion, which the judge denied. She then found Crow guilty on both charges of violating B.C.O. 1341.10, but not guilty of violating B.C.O. 917.04.
Crow asserts three assignments of error. The second assignment states:
 II. THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR ACQUITTAL AND FOUND CROW GUILTY OF TWO COUNTS OF BRECKSVILLE ORDINANCE 1341.10.
Criminal Rule 29(A) provides that a judge may, upon the motion of a defendant, or his own motion after the close of evidence on either side, order the entry of a judgment of acquittal of one or more of the offenses charged if the evidence is insufficient to sustain a conviction on the offense or offenses. "The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, take the case from the jury." Dayton v. Rogers (1979),60 Ohio St.2d 162, 398 N.E.2d 781. When ruling on a Crim.R. 29 motion for judgment of acquittal, a judge must view the probative evidence in a light most favorable to the prosecution and determine whether it has presented sufficient evidence on each essential element of the charged offense. State v. Perkins (1994), 93 Ohio App.3d 672, 680, 639 N.E.2d 833,840. A judge should not grant a motion for acquittal when the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. Id.; see, also, State v. Jenks, 61 Ohio St.3d 259, 574 N.E.2d 492
(1991), paragraph two of syllabus.
Under Ohio law, a person accused of a crime may be convicted solely on the basis of circumstantial evidence because it is no less probative that direct evidence. E.g., State v. Nicely (1988), 39 Ohio St.3d 147,154-155, 529 N.E.2d 1236, 1242-1243. The evidenced adduced here, however, shows that Crow may have owned or controlled the property between May 26, 1991 and January 8, 1997, but it is neither direct nor circumstantial evidence that he owned or operated the property on and after October 2, 1998.
The City argues that Crow's letters, either bearing letterhead indicating his address as 6745 Miller Road or otherwise admitting or asserting his ownership or control of the property, sufficiently proved his ownership or control on the dates in question. The content of two-year-old letters, however, does not satisfy the Crim.R. 29 standard of review. Although the dissent contends that the letters allow the presumption of Crow's ownership or control until proven otherwise, the dissent cites no case authority in support of this proposition, and the authority cited expressly does not apply to criminal prosecutions. 31A C.J.S., Evidence, § 1. This rule cannot apply to essential elements of a crime, though it may apply in other contexts of a criminal trial. See Hamilton v. State (1887), 34 Ohio St. 82, 85 (applying the rule to evidence of a witnesses's reputation); City of Dayton v. Pullen (June 9, 2000), Montgomery App. No. 17894, unreported (applying rule in context of state's evidence to refute an accused's defense of privilege), citing 42 Ohio Jur.3d 396, Evidence Witnesses § 140. Moreover, the twenty-one month difference between the most recent letter and the dates charged in the complaints would dissipate the force of the evidence even if the letters provided a presumption, rather than a simple inference, of Crow's ownership or control of the property. The letters simply were too stale to provide any evidence of Crow's ownership or control.
The reason such a presumption is not used to prove the essential element of a crime is rather simple: [T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. In re Winship (1970), 397 U.S. 358, 365; 90 S.Ct. 1068,25 L.Ed.2d 368. We will not relieve the prosecution of this burden and require Crow to prove he did not own or control the property on October 2, 1998.[2]
 Generally in a criminal case the prosecution bears both the production burden and the persuasion burden. In some instances, however, it is aided by a presumption, see Davis v. United States, 160 U.S. 469 (1895) (presumption of sanity), or a permissible inference, see United States v. Gainey, 380 U.S. 63 (1965) (inference of knowledge from presence at an illegal still). These procedural devices require (in the case of a presumption) or permit (in the case of an inference) the trier of fact to conclude that the prosecution has met its burden of proof with respect to the presumed or inferred fact by having satisfactorily established other facts. Thus, in effect they require the defendant to present some evidence contesting the otherwise presumed or inferred fact. See Barnes v. United States, 412 U.S. 837, 846 n. 11 (1973). Since they shift the production burden to the defendant, these devices must satisfy certain due process requirements. See e.g., Barnes v. United States, supra; Turner v. United States, 396 U.S. 398 (1970).
 In each of these cases, however, the ultimate burden of persuasion by proof beyond a reasonable doubt remained on the prosecution. See, e.g., Barnes v. United States, supra, at 845 n. 9; Davis v. United States, supra, at 484-488. Shifting the burden of persuasion to the defendant obviously places an even greater strain upon him since he no longer need only present some evidence with respect to the fact at issue; he must affirmatively establish that fact. Accordingly, the Due Process Clause demands more exacting standards before the State may require a defendant to bear this ultimate burden of persuasion. See, generally, Ashford Risinger, Presumptions, Assumptions, and Due Process in Criminal Cases: A Theoretical Overview, 79 Yale L.J. 165 (1969).
Mullaney v. Wilbur (1975), 421 U.S. 684, 702 n. 31, 95 S.Ct. 1881,44 L.Ed.2d 508.
There is no unique hardship attendant to showing the ownership or control of a parcel of real property that would relieve the prosecution of its burden to show that the accused owned the property on the date in question and require the accused to disprove ownership or control. Id. at 702. Because the prosecution did not produce sufficient evidence to show that Crow owned or controlled the property on October 2, 1998 and thereafter, it was error to deny the motion for acquittal.
Finally, although the dissent admits that there was no evidence presented at trial to show that Crow owned or controlled the property on October 2, 1998, the opinion contends that his admission in his motion to quash somehow establishes possession. The motion to quash was not admitted at trial, and the dissent cites no authority to support the proposition that a pretrial motion in a criminal prosecution satisfies the rules of evidence and is otherwise admissible to establish an element of the crime. Cf. Felton v. Felton (1997), 79 Ohio St.3d 34, 679 N.E.2d 672, paragraph three of the syllabus (a pleading is not admissible into evidence to prove a party's allegations). Crow's second assignment of error is sustained.
Crow's first and third assignments of error state:
 I. THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO QUASH, STRIKE AND/OR SUPPRESS PHOTOGRAPHS TAKEN PURSUANT TO A SEARCH WARRANT.
 III. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO DISMISS AND PERMITTED THE AMENDMENT OF THE COMPLAINT TO ALLEGE A VIOLATION OF OCTOBER 2, 1998.
Because our decision on Crow's second assignment of error resolves the case, we find these assignments moot. App.R. 12(A).
Judgment reversed.
It is ordered that appellant recover of appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Garfield Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _________________________ ANNE L. KILBANE, J.
DIANE KARPINSKI, P.J., CONCURS JAMES M. PORTER, J., DISSENTS (SEE SEPARATE DISSENTING OPINION).
[1] Although one of the complaints failed to allege any date of offense, the judge allowed an amendment alleging the violation occurred on October 2, 1998, and thereafter.
[2] Cf.New Philadelphia v. Hurst (1937), 57 Ohio App. 479, 482-483,14 N.E.2d 1021 ([W]e are unwilling to apply or extend that rule to a case like the present involving the value of corporate stocks, for it is common knowledge that their worth is or may be constantly fluctuating. * * * The element lacking in this instance is in that of logical inference. To conclude or infer that values of corporate stock would remain constant over a two-year period * * * would be to totally disregard all common knowledge to the contrary.)