CITY OF DAYTON, APPELLEE, *v.* ROGERS, APPELLANT.

(No. 78-1378—Decided December 26, 1979.)

*Mr. Thomas G. Petkewitz,* city attorney, *Mr. J. Anthony Sawyer* and *Mr. James D. Dennis,* for appellee.

*Mr. Terry E. Timblin,* for appellant.

HOLMES, J.   As a preliminary matter, this court must determine whether appellant has properly preserved for review the purported error of the trial court in this cause. The difficulty arises from the wording of appellant's assignment of error in the Court of Appeals:

"The trial court erred in overruling defendant-appellant's motion for a judgment of acquittal as the making of an unsworn false oral statement to a police officer is not conduct punishable by R.C.G.O. Section 131.02 (A)."

At the conclusion of the prosecution's case-in-chief, defendant moved for a judgment of acquittal, pursuant to Crim. R. 29. When the motion was overruled, defendant elected to present a defense. The motion was not thereafter renewed.

Appellee relies upon *State* v. *Cantu* (1971), 27 Ohio App. 2d 55, and *State* v. *Young* (1966), 7 Ohio App. 2d 194, for the proposition that the defendant waived any error committed in the overruling of the motion for judgment of acquittal by failing to renew her motion at the close of all the evidence. While this would be true had the case been tried to a jury, it has no application in a case tried to the court.

The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, to take the case from the jury. In the non-jury trial, however, the defendant's plea of not guilty serves as a motion for judgment of acquittal, and obviates the necessity of renewing a Crim. R. 29 motion at the close of all the evidence. See the following cases decided under the analogous Fed. R. Crim. P. 29: *Hall* v. *United States* (C.A. 5, 1961), 286 F. 2d 676, 677, certiorari denied, 366 U.S. 910; *United States* v. *Besase* (C.A. 6, 1967), 373 F. 2d 120, 121; *United States* v. *Pitts* (C.A. 5, 1970), 428 F. 2d 534, 535, certiorari denied, 400 U.S. 910. See also, 8A Moore's Federal Practice, Paragraphs 29.01 *et seq.*

We hold, therefore, that the issue of statutory construction is properly before this court.

The Dayton ordinance in question is identical to R. C. 2921.31 (A), and provides as follows:

"(A) No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

Appellant contends that, despite the apparent breadth of the proscription contained in the ordinance, it was not intended to reach unsworn oral misrepresentations to police officers. We agree.

R. C. 2921.31 (A), as well as the ordinance under consideration, prohibits "acts" which hamper or impede public officials in the performance of their lawful duties. While in certain contexts the term "act" may be construed to include a statement, we do not believe that was the intent of the General Assembly in R. C. 2921.31 (A). We conclude similarly in relation to the ordinance that it was not the intention of the legislative body of the city in enacting this section that it encompass oral statements.

Prior to the enactment of the present Criminal Code (134 Ohio Laws 1866 *et seq.),* false oral statements were not punishable in Ohio unless they were made under oath, or were made in connection with certain documents. As a part of the Criminal Code, the General Assembly enacted R. C. 2921.13, the falsification statute. R. C. 2921.13 (A) (3) prohibits the making of false statements to public officials under certain circumstances. It is reasonable to suppose that if the General Assembly had intended to change prior law, and proscribe the making of false statements to law enforcement officials, it would have specifically so stated in R. C. 2921.13. However, in *Columbus* v. *Fisher* (1978), 53 Ohio St. 2d 25, this court held that R. C. 2921.13 (A) (3) has no application to unsworn oral misstatements made in response to inquiries initiated by police officers.

Having previously held that conduct such as appellant's is not punishable under R. C. 2921.13 (A) (3), which specifically addresses the making of false statements to public officials, we are reasonably led to the determination here not to extend the meaning of R. C. 2921.31 beyond that intended by the General Assembly. We hold that R. C. 2921.31 (A) and

R.C.G.O. 131.02 (A) do not forbid the making of unsworn false oral statements to law enforcement officials.

In addition to the matter of statutory construction, there are policy considerations which militate against the affirmance of appellant's conviction. R. C. 2921.31 (B) makes obstructing official business a misdemeanor of the second degree, the maximum penalty for which is 90 days confinement and a $750 fine. While such a potential penalty may be commensurate with penal policies regarding physical, obstructive acts, it would appear to be somewhat severe for an oral, unsworn misrepresentation.

Finally, in relation to the specific facts of this case, we do not believe that appellant's misrepresentation actually hampered or impeded a public official in the performance of his lawful duties, within the meaning of R. C. 2921.31 (A). Appellant was under no legal duty to respond to the question posed by the police officer, and appellant's deliberate falsification was no more obstructive than her silence would have been. Had appellant refused to answer the officer's question, the same confusion would have resulted regarding the identity of William Fowler. Thus, even under a very liberal reading of the statute, or the ordinance, appellant's conviction must be reversed.

For all of the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.