### State v. Simpson
[Cite as 4 AOA 35]

Case No. C-890368
Hamilton County (1st)
Decided June 20, 1990

*Arthur M. Ney, Jr., Prosecuting Attorney, and David L. Prem, Esq., 411 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee.*

*Kleinhaus & Bell and Ferd H. Kleinhaus, Jr., Esq., 602 Main Street, Suite 1004, Cincinnati, Ohio 45202, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket and journal entries, the original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the assignments of error, the briefs and the oral arguments of counsel.

The appeal derives from the judgment entered and sentence imposed upon the verdict of the jury finding the defendant-appellant, Michael Simpson, guilty as he stood charged of attempted rape and gross sexual imposition.

Late in the evening of January 31, 1989, a sixteen-year-old girl was walking on Vine Street in Cincinnati when she was seized by a adult male, dressed in jogging pants and a sweat shirt, who dragged her into underbrush in a public park. There, the girl was thrown to the ground and the man placed his hands upon her breasts and buttocks, demanding that she perform fellatio while beginning to expose his penis. The girl's struggles and screams attracted the attention of an adult female who lived nearby. She saw the man lying on top of the girl and ordered him to leave, whereupon he arose and ran into a wooded area. Police responded and were given detailed descriptions by the girl and the woman of the height, weight, dress and facial appearance of the man, and that he carried the odor of alcohol.

Within minutes after that information was broadcast by radio, another police officer observed the defendant-appellant, whose clothing matched exactly the description given, on the the street some six blocks from the place the girl was accosted. In response to the officer's inquiries, Simpson, who was sweating heavily, said first that he had been jogging and then that he had been playing basketball with friends he refused to identify.

Simpson was taken into custody and returned to the scene in a police vehicle, where he was identified by the woman and the girl unequivocally as the man who had committed the assault.

Prior to trial, counsel for Simpson moved to suppress the identification and his statements to the police. Both motions were overruled. Upon trial, Simpson advanced the defense of alibi through witnesses but did not himself testify.

Simpson's first assignment of error is that the court erred in overruling his motion for acquittal at the close of the State's case with regard to attempted rape. His argument in support of this assertion is that unless a perpetrator of a crime takes a substantial step toward its completion, mere intent to commit the crime does not constitute an attempt.

Although counsel for Simpson, upon trial, moved for acquittal pursuant to Crim. R. 29 at the close of the prosecution's case-in-chief, he failed to renew that motion at the close of all the evidence. Ordinarily, such a failure constitutes a waiver of any error in the overruling of the motion for acquittal at the conclusion of the State's case-in-chief. *Dayton v. Rogers* (1979), 60 Ohio St. 2d 162, 398 N.E.2d 781. Because of the nature of the sentence (12, actual, to 15 years with 3 to 5 years concurrent), we have elected not to dispose of the assignment of error on the basis that any error was waived, and will instead rule upon the merits of the motion.

The appellee concedes that for it to prevail upon the counts in the indictment, it had to establish beyond a reasonable doubt that Simpson knowingly attempted to engage in sexual conduct with a person who was not his spouse by force or threat of force. In the application of Crim. R. 29, courts are controlled by the holding set forth in the syllabus of *State v. Bridgeman* (1978), 55 Ohio St. 2d 261, 381 N.E.2d 184:

"Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt."

Given the evidence adduced in the State's case-in-chief, we hold that the test in *Bridgeman* has been met. The violence of the assault, the dragging of the victim into underbrush, the pinning of her body to the ground by the man ultimately identified as Simpson, and the touching of her body concurrently with remarks and threats are sufficient, standing alone, to warrant conclusions by reasonable minds that Simpson had taken substanial steps toward the commission of a rape.

Accordingly, we find the first assignment not to be well taken and it is overruled.

The second assignment is that the court erred in overruling the motion to suppress the identification. Simpson's argument is that because he was shown singly to the witnesses who identified him, the display was unfairly suggestive and he was, thereby, denied due process of law.

This court has held consistently that the defendant has the burden to prove that an in-court identification of him is not admissible because of the effect of a prior unnecessarily suggestive identification procedure. The test to determine whether the defendant has met his burden is a two-step process. First, defendant must prove that the pretrial identification procedure was unnecessarily suggestive. If defendant fails to establish this, then in-court identification by the witness is admissible. Second, defendant must establish that the in-court identification has been so affected by the suggestive procedure that a substantial likelihood of an irreparable in-court misidentification exists. This is determined by an examination of the "totality of the circumstances." See *State v. Price* (Nov. 8, 1989), Hamilton App. No. C-880629, unreported, citing State v. *Williams* (May 12, 1982), Hamilton App. No. C-810494, unreported.

Our examination of the whole record convinces us that Simpson failed to maintain his burden and that the court did not err in overruling the motion to suppress the identification. Therefore, the second assignment of error is overruled. The judgment of the Hamilton County Court of Common Pleas is affirmed.

*Judgment affirmed.*

UTZ, P.J., SHANNON and HILDEBRANDT, JJ.