The STATE of Ohio, Appellee,

v.

PRICE, Appellant.

[Cite as *State v. Price* (1990), 69 Ohio App.3d 243.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004754.

Decided Aug. 29, 1990.

*Gregory A. White*, Prosecuting Attorney, for appellee.

*Kenneth M. Lieux*, for appellant.

CACIOPPO, Judge.

On June 19, 1989, defendant-appellant Willie B. Price, Jr. was placed under arrest by the Lorain Police Department pursuant to duly executed warrants. The arrest was effectuated by a Lorain police detective and Scott Bernard, an

Adult Parole Officer who was present due to the fact that one of the warrants was for a parole violation.

As Price was in the booking area of the Lorain Police Department, he made threatening statements toward Bernard. The state produced three witnesses who stated that they heard Price state to Bernard, "I will take care of you," "Your day is coming," and "Bernard, you are going to get yours."

As a result of the circumstances surrounding the arrest and subsequent statements to Bernard, Price was indicted by the Lorain County Grand Jury on one count of intimidation, R.C. 2921.03(A), and one count of resisting arrest. Price pleaded not guilty to both counts.

Following the close of the state's case, the defendant-appellant moved for a judgment of acquittal on both counts, pursuant to Crim.R. 29. The trial court granted Price's motion on the resisting arrest count. The intimidation count proceeded to the jury, which found Price guilty. He appeals this conviction.

## Assignment of Error I

"Appellant was convicted with evidence insufficient as a matter of law thereby denying him his due process rights guaranteed him by the Fourteenth Amendment to the United States Constitution, and Article I, 16 of the Ohio Constitution."

Price contends there was insufficient evidence to convict him of the intimidation count.

Crim.R. 29 provides in part:

"(A) * * * The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

It is a well-established principle of Ohio law that a court, acting under Crim.R. 29, shall not order a judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. The purpose of a motion for a judgment of acquittal is to test the sufficiency of evidence and, when such evidence is insufficient, to take the case from the jury. *Dayton v. Rogers* (1979), 60 Ohio St.2d 162, 163, 14 O.O.3d 403, 404, 398 N.E.2d 781, 782.

The record discloses that the elements of the offense of intimidation were proven beyond a reasonable doubt. The first assignment of error is overruled.

## Assignment of Error II

"The trial court erred in sentencing appellant to an indefinite term when there was no finding by the trial court, either on the record or through its journal, that the state had proven the existence of the specification beyond a reasonable doubt, in violation of appellant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and Article I, [Section] 16 of the Ohio Constitution."

Price contends the trial court failed to make a specific finding as to the specification of an offense of violence.

The record shows that the prosecution proved the specification. The state produced police captain Cavanaugh's testimony of Price's 1978 arrest, plea, conviction and sentencing for aggravated burglary and also introduced documents which fulfilled the requirements of R.C. 2945.75(B).

Although the state proved the specification, the trial court failed to make a specific finding as to the specification in its journal entry. As this omission was apparent on the face of the journal entry, it was incumbent upon the prosecution to call this omission to the attention of the trial court. However, this failure on the part of the prosecution and the oversight of the trial court are not of such magnitude as to require reversal of the case at bar.

Accordingly, the judgment of the court is affirmed and the case is remanded for the trial court to properly journalize the specification finding.

*Judgment accordingly.*

REECE, P.J., and CIRIGLIANO, J., concur.