Appellant Veronica J. Sullivan appeals the Wayne County Municipal Court judgment finding her guilty of violating Rittman Codified Ordinances 351.03(a), which governs parking within the municipality, and imposing a twenty dollar fine. We affirm.
On December 25, 1997, Mike LaBo noticed that a vehicle was parked on the tree lawn in front of his house. LaBo, with the approval and assistance of Rittman, had recently converted the area from an open ditch to a tree lawn, planted it with new grass, and generally maintained it. LaBo called the Rittman police and reported the vehicle. Officer Robert Shows responded and ticketed the vehicle, which was owned by Sullivan. Sullivan contested the ticket in the Wayne County Municipal Court. On January 23, 1998, a bench trial was held. The court found that Sullivan had violated the parking ordinance and imposed a twenty dollar fine. Sullivan appealed, and the trial court stayed Sullivan's fine pending this appeal.
Sullivan assigns four errors on appeal. We rearrange these assignments of error for ease of discussion.
 I
Sullivan's second assignment of error is:
 Defendant was denied due process of law when she was convicted of a complaint which failed to charge an offense and which was inapplicable to the facts presented.
The citation issued alleges, in the section captioned "TO DEFENDANT: COMPLAINT," that Sullivan committed the following offense: "parking in neighbor's tree lawn in violation of section 351.03A [sic] of Cod. Ord. of Rittman." Sullivan argues that the ordinance at issue prohibits parking on a street lawn" and that a "street lawn" is not the same as a "tree lawn."[1]
The area in question, between the sidewalk and the street, does not have a universally accepted name. The phrase used by the officer, and the one most often included in dictionaries, is "tree lawn." See, e.g., Webster's New World Dictionary (3 College Ed. 1994) 1424. The area was identified during the hearing, colloquially, as the "devil's strip." Webster's Third New International Dictionary points to "tree belt" as another label for the same area. Webster's Third New International Dictionary (1961) 2435.
Rittman, in its ordinance, used the phrase "street lawn." Rittman Codified Ordinances 351.03(a). Sullivan argues that the only reasonable interpretation of "street lawn" is a lawn in the middle of the street. In the context in which Rittman used the phrase, that interpretation is unreasonable. Rittman generally adopted its parking regulations from the Ohio Revised Code. In doing so, it made minor changes to suit the needs of its own community. One of the changes it made was to add the phrase "street lawn" to the clause banning parking on the sidewalk. The ordinance Sullivan was found liable for violating provides:
 No person shall stand or park a vehicle, except when necessary to avoid conflict with other traffic or to comply with the provisions of this Traffic Code, or while obeying the directions of a police officer or a traffic control device, in any of the following places:
 (a) on a sidewalk or a street lawn area, except a bicycle[.]
Rittman Codified Ordinances 351.03(a). The most natural interpretation of the phrase "street lawn," when inserted in a clause banning parking on the sidewalk, is that Rittman intended to ban parking not only on the sidewalk, but on the lawn between the sidewalk and the street as well.
Because the grassy plot in question does not have one definitive name, the better practice would have been for Rittman to specifically define "street lawn." We do not view this lack of a definition as fatal, however, because the term used by Rittman reasonably identifies the area in which parking is banned. Sullivan's second assignment of error is overruled.
 II
Sullivan's first assignment of error is:
 Defendant was denied due process of law when she was convicted under an ordinance which conflicted with the Ohio Revised Code which requires uniform statewide application.
We note initially that Sullivan failed to raise this issue before the trial court. "It is well settled that 'a party has waived the right to contest an issue on appeal if that issue was not raised at the appropriate time in the trial court." 'Cuyahoga Falls v. Vogel (Sept. 16, 1998), Summit App. No. 18826, unreported, at 4, quoting Bohlmann v. Cox (Nov. 1, 1995), Summit App. No. 17166, unreported, at 6. Nevertheless, we address it because it will aid our discussion of Sullivan's third and fourth assignments of error.
Sullivan argues that Rittman Codified Ordinances 351.03(a), set forth above, conflicts with R.C. 4511.68(A), which provides:
No person shall stand or park a trackless trolley or vehicle, except
 when necessary to avoid conflict with other traffic or to comply with sections 4511.01 to 4511.78, inclusive, 4511.99, and 4513.01 to 4513.37, inclusive, of the Revised Code, or while obeying the directions of a police officer or a traffic control device, in any of the following places:
(A) On a sidewalk, except bicycles[.]
Sullivan, in essence, argues that R.C. 4511.06 mandates that local parking ordinances must be identical to the comparable state statute, and that since the local ordinance bans more parking than the Ohio Revised Code it is in conflict with the Ohio Revised Code. Sullivan fails to observe, however, that while R.C. 4511.06 does mandate that "[n]o local authority shall enact or enforce any rule in conflict with [state traffic laws]," it "does not prevent local authorities from exercising the rights granted them by Chapter 4521. of the Revised Code[.]" R.C. 4511.06. Specifically, Chapter 4521 authorizes "enact[ment of] any ordinance, resolution, or regulation that regulates the standing or parking of vehicles and that is authorized pursuant to section 505.17 or 4511.07 of the Revised Code [.]" R.C. 4521.02(A). R.C. 4511.07 authorizes local authorities to "[r]egulat[e] the * * * parking of vehicles[.]"
Section 3, Article XVIII of the Ohio Constitution provides that "[m]unicipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary, and other similar regulations as are not in conflict with general laws." Under home rule, municipalities have broad authority to enact local ordinances that do not conflict with general state law. SeeColumbus v. Webster (1960), 170 Ohio St. 327, 330. While the authority for the enactment of parking ordinances appears to flow from R.C. 4521.02(A), a better view is that the statute is an express articulation of circumstances under which local parking ordinances are not in conflict with state law.[2] SeeGeauga Cty. Bd. of Commrs. v. Munn Rd. Sand Gravel (1993),67 Ohio St.3d 579, 584.
Rittman enacted local parking ordinances. Because it did so in a manner consistent with the guidelines of R.C. Chapter 4521, we need not specifically compare the challenged ordinance to the statute to determine whether a conflict exists. Under the Webster analysis, no conflict exists. See Webster,170 Ohio St. at 330. Sullivan's first assignment of error is overruled.
 III
Sullivan's fourth and third assignments of error are:
 Defendant was denied due process of the law when the court failed to dismiss the charges at the close of the prosecution's case.
 Defendant was denied due process of law when the court did not properly warn defendant that if she testified her testimony could be used against her.
Sullivan contends that a parking offense is a criminal offense. Before criminal liability can attach, she argues, the prosecution must prove that the offending conduct was the result of her voluntary actions. See R.C. 2901.21(A)(1). Sullivan also asserts that her own statement, made after the close of Rittman's case, was the only evidence presented that she personally parked the vehicle in a prohibited location. Because of this, Sullivan contends that the court should have dismissed the case, sua sponte, at the close of Rittman's case. In the alternative, she argues, the court should have warned her that her testimony could be used against her. We disagree.
Under the guidelines of R.C. 4521.02(A), a municipality may, if it chooses, "by ordinance, resolution, or regulation, * * * specify that a violation of the [parking] ordinance, resolution, or regulation shall not be considered a criminal offense * * * and that the violation shall be handled pursuant to this chapter."
Here, Rittman adopted ordinances governing parking pursuant to R.C. Chapter 4521. See Rittman Codified Ordinances Chapters 351 and 357. Violations of Rittman's general traffic ordinances are criminal offenses, ranging from minor misdemeanors to first degree misdemeanors. See Rittman Codified Ordinances 303.99. The ordinance which establishes criminal classifications for traffic offenses, however, also precludes criminal liability for offenses "for which [an]other penalty is provided." Rittman Codified Ordinances 303.99(a)(1). By adopting other penalties for parking offenses, Rittman made parking violations noncriminal offenses. See Rittman Codified Ordinances Chapter 357.
Because parking offenses are noncriminal, pursuant to a Rittman ordinance, and because that is consistent with Chapter 4521 of the Ohio Revised Code, R.C. 2901.21(A)(1) does not apply. Instead, R.C. 4521.08 governs the hearing to which Sullivan was entitled when she denied that she committed the parking violation. See, generally, Gardner v. Columbus
(C.A.61988), 841 F.2d 1272, 1278-1280, (analyzing the constitutionality of the adjudication process under a similar municipal parking ordinance). When a municipality enacts noncriminal parking ordinances, both the owner and the driver are jointly liable for the parking infraction. See R.C.4521.03(F).[3] Thus, Rittman was required to prove, by a preponderance of the evidence, that Sullivan was either the driver or the owner of the vehicle that was parked in violation of a local noncriminal parking ordinance. See R.C.4521.08(B)(1).
Sullivan correctly points out that Rittman must present evidence which, if believed, would establish each element of the offense complained of during its case in chief.[4] See, e.g.,Stinson v. England (1994), 69 Ohio St.3d 451, 455 (observing that in order to present a jury question and avoid a directed verdict, a plaintiff is required to satisfy the burden of production by establishing a prima facie case). Here, Rittman was required to present evidence that Sullivan owned a vehicle that was parked on a street lawn, or that she actually parked the vehicle on the street lawn. See Rittman Codified Ordinances 351.03(A); R.C. 4521.03(F). The burden of producing evidence that one of the exceptions to the parking ban applied to her is assigned to Sullivan. See R.C. 4521.06(B)(2).
Officer Shows testified that he placed the parking ticket on a green Ford Aerostar, with license AHW 2248, as it was parked on the tree lawn in front of LaBo's residence. Officer Shows also testified that he later learned that a vehicle which was owned by, or registered to, Sullivan had been issued the license plate AHW 2248. Because liability attaches to both the owner of the vehicle and the person who actually parked vehicle, the trier of fact could find Sullivan liable as the owner without finding that she personally parked the car. The testimony of Officer Shows, if believed, establishes that Sullivan was (1) the owner of a vehicle (2) that was parked on a street lawn. Rittman met its burden of production. Sullivan's fourth assignment of error is overruled.
Sullivan challenges the use, by the court, of any inculpatory statements she made during her testimony. Rittman presented credible evidence in its case in chief to establish ownership and location of the parked vehicle. None of the evidence establishing those elements was contradicted by evidence offered by Sullivan, nor did Sullivan present any evidence to establish that she fell within a statutory exception to the parking ban. Because Sullivan's testimony that she actually parked the car is not crucial to affirming the judgment below, we need not consider whether we should affordMiranda[5]-like protections to an individual, not in custody, who is about to testify in response to a noncriminal complaint. Sullivan's third assignment of error is overruled.
All assignments of error have been overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Wayne, Wayne County Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 -------------------- WILLIAM R. BAIRD FOR THE COURT
DICKINSON, J., CARR, J., CONCUR
[1] A tree lawn is a grassy area between the street and the sidewalk and is public property.
[2] The broader issue of whether municipal parking ordinances would ever be in conflict with state law is not before this court, and we do not decide it here.
[3] Rittman adopted a companion ordinance which provides that registered owners are prima facie liable for unlawful parking. Rittman Codified Ordinances 351.02. Although it does not exclude other means of proof, the Rittman ordinance specifies that "[a] certified registration copy, showing [that the license plate was issued to the defendant], from the Registrar shall be proof of such ownership." Id. Officer Shows testified that Sullivan was the registered owner, but no certified registration copy is included in the record. Because the hearing provision set forth in R.C. 4521.08 articulates the burden of proof, and provides general evidentiary guidelines that are consistent with the circumstance specifically addressed in the Rittman ordinance, we perform our analysis under that provision. See R.C. 4521.08.
[4] By failing to timely raise this error, however, Sullivan likely waived it. See Cuyahoga Falls v. Vogel (Sept. 16, 1998), Summit App. No. 18826, unreported, at 4, quoting Bohlmann v.Cox (Nov. 1, 1995), Summit App. No. 17166, unreported, at 6. Under limited circumstances, such an error may not be waived. See, e.g., Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163. Because it is not crucial to the resolution of this assignment of error we do not determine whether Sullivan actually waived it or not.
[5] Miranda v. Arizona provides that an individual must be warned of her right to remain silent, inter alia, before being subjected to custodial interrogation. Miranda v. Arizona
(1966), 384 U.S. 436, 444, 16 L.Ed.2d 694, 706, Custodial interrogation is "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Id.