OPINION
Defendant-Appellant, Eric McElroy, appeals a judgment of conviction and sentence rendered by the Court of Common Pleas of Auglaize County pursuant to a jury verdict of guilty on one count of burglary and one count of theft. Finding that Appellant has failed to assert any prejudicial error on appeal, we affirm the judgment of the trial court.
The record demonstrates that on June 2, 2000, the Auglaize County Grand Jury returned an indictment against Appellant on one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(2), and one count of theft, a first-degree misdemeanor in violation of R.C. 2913.02(A)(1). Appellant subsequently pled not guilty to the charges and the case was tried to a jury on August 24 and 25, 2000. Following deliberations, the jury returned a guilty verdict on the theft offense. Appellant was also found guilty of burglary, but because the jury found that the State of Ohio failed to prove an essential element of R.C. 2911.12(A)(2), i.e.
that someone other than the offender was present or likely to be present at the time of the offense, Appellant was convicted of R.C. 2911.12(A)(3), a felony of the third degree. The court entered a judgment of conviction, but delayed sentencing in order to allow for the preparation of a presentence investigation report and victim impact statement.
A sentencing hearing took place on October 16, 2000. The court ordered Appellant to serve five years for the burglary and six months for the theft offense with the sentences to be served concurrently. The court entered judgment on the sentence the same day. Appellant then filed this timely appeal, setting forth the following as his sole assignment of error:
 The evidence upon which the trial jury based its guilty verdict of burglary and theft was insufficient as a matter of law and was contrary to the manifest weight of the evidence.
 While Appellant asserts only one assignment of error, he argues two "quantitatively and qualitatively different" legal concepts. State v. Thompkins
(1997), 78 Ohio St.3d 380, paragraph two of the syllabus. As such, we will first address Appellant's claim that the evidence presented at trial was insufficient to sustain the convictions for burglary and theft.
A trial court is prohibited from entering a judgment of acquittal if, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus. It is well-settled that in order to preserve the issue of sufficiency for purposes of appeal, a defendant must enter a timely motion for acquittal pursuant to Crim.R. 29. State v. Roe (1989), 41 Ohio St.3d 18, 25. Herein, the record is clear that Appellant made a Crim.R. 29 motion at the end of the state's case. However, the trial transcript also demonstrates that Appellant did not renew the Crim.R. 29 motion at the close of all the evidence:
 A defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence.
 State v. Miley (1996), 114 Ohio App.3d 738, 742, citing Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, overruled on other grounds by State v. Lazzaro
(1996), 76 Ohio St.3d 261. See also, State v. Esposito (Dec. 24, 1998), Seneca App. No. 13-98-25, unreported. Thus, the issue of sufficiency has been waived on appeal.
We now turn to address Appellant's argument that the convictions are against the manifest weight of the evidence. When reviewing such a claim, the appellate court assumes the role of the "thirteenth juror".Thompkins, 78 Ohio St.3d at 387. In doing so, the court must "[review] the entire record, [weigh] the evidence and all reasonable inferences, [consider] the credibility of witnesses and [determine] whether in resolving conflicts in the evidence, the jury clearly lost its way * * *." Id. See also, State v. Martin (1983), 20 Ohio App.3d 172, 175. Courts are cautioned, nonetheless, to reverse convictions based upon a manifest weight argument only in extraordinary cases where "the evidence weighs heavily against the conviction." Thompkins,78 Ohio St.3d at 387. We are not convinced that this case falls into the "extraordinary" category.
The evidence herein shows that on May 10, 2000, Karl Olsen, the individual who rents Apartment 12 on the second floor of the Koneta Hotel, went to work at 9:00 a.m. and returned home at approximately 6:30 p.m. As he approached his apartment, Olsen noticed that the door was slightly ajar despite the fact that he locked it upon leaving for work that morning. Olsen reviewed the contents of his room to determine if anything had been taken. He then discovered that a various coins, including a 1900 silver dollar, were missing from the top of his dresser.
Olsen, who also works as rental manager at the Koneta Hotel, reviewed a videotape recording from the four surveillance cameras positioned at various points on the residential floors of the building. Olsen is familiar with the surveillance system because he changes the videotapes on the weekends. Although the system switches to each different camera angle about every ten seconds, the videotape showed a man in front of Olsen's door at 11:51 a.m. Approximately one minute later, the videotape depicted the same man near Olsen's apartment, this time with his arm extended and appearing as though he was closing the door. Olsen immediately recognized Appellant as the man on the tape.
Olsen alerted the Wapakoneta Police Department that same evening. Officer Barry Truesdale responded to the call. Officer Truesdale inspected Olsen's door, which was damaged from a previous break-in, and was able to pick the lock with a pocketknife in within "a second or two." After viewing the video, Officer Truesdale seized the tape as evidence and attempted to locate Appellant. Although Appellant was not available that night, Officer Truesdale did speak with Appellant at his residence six days later.
At trial, Officer Truesdale testified that Appellant admitted that he "jimmied" the lock on Olsen's door, broke into the apartment, and took the coins.
Appellant, on the other hand, testified that he was at the hotel in order to meet a friend who happened to also reside on the same floor as Olsen. Appellant stated that he was in front of Olsen's door because he forgot which apartment his friend lived in, so he thought one of the neighbors would be able to help. Appellant then denied that he admitted to the commission of the offenses to Officer Truesdale.
While the evidence regarding the particular events of May 10, 2000, is admittedly conflicting, we cannot say, as a matter of law, that the jury clearly lost its way in resolving those conflicts in favor of the prosecution. Therefore, Appellant's argument that the convictions are against the manifest weight of the evidence is not well-taken.
Based upon the foregoing, Appellant's sole assignment of error is overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 HADLEY and BRYANT, JJ., concur.