JOURNAL ENTRY AND OPINION
Defendant-appellant, Derek Rogers (appellant), appeals his conviction for the unlawful possession of a dangerous ordnance and his sentence for the possession of drugs following a bench trial before the Cuyahoga County Common Pleas Court. For the reasons that follow, we reverse and vacate appellant's conviction for possession of a dangerous ordnance and remand for resentencing on the conviction for possession of drugs.
A review of the record reveals that, sometime in June 1999, Detective Tommy Hall, a narcotics detective with the City of Cleveland, had been conducting a surveillance of appellant's home based on citizen complaints of possible drug activity. Det. Hall observed a moderate flow of people coming and going from appellant's single-family home and decided to conduct a trash pull wherein he found two small cigarettes that later tested positive for marijuana. The detective thereafter obtained a search warrant. After conducting the search, several items were confiscated, including fourteen bags of marijuana seeds weighing a total of approximately 143 grams, some cash, a pager, a digital scale and a couple of marijuana cigarettes. Also found was a nine-millimeter machine gun and two clips each capable of firing thirty-one and fifty-one rounds respectively when attached to the weapon. It is unclear whether the thirty-one round clip was attached to the weapon. It is undisputed, however, that the fifty-one round clip was found unattached, but in close proximity to the machine gun.
A grand jury subsequently returned a three-count indictment against appellant for (1) preparation of drugs for sale, in violation of R.C.2925.07; (2) unlawful possession of dangerous ordnance,[1] in violation of R.C. 2923.17; and (3) possession of criminal tools, in violation of R.C. 2923.24.
Appellant waived a jury trial and was tried to the bench. The state's sole witness was Det. Hall who testified consistent with the aforementioned facts. After submitting its exhibits, the state rested and appellant moved for acquittal under Crim.R. 29, which the trial court granted as to the possession-of-criminal-tools charge but otherwise denied.
Appellant thereafter testified as the sole witness in his defense. He testified that he owns and operates a tattoo business out of his home. He also cuts hair. A flyer advertising his tattoo business was submitted in support of his testimony and listed his pager number as the number to contact for scheduling an appointment. Appellant testified that, for the most part, his customers come to his house for their appointments. Consequently, several people come and go from his home. Nonetheless, his business experiences seasonal fluctuations and, as a result, the volume of people varies from time to time.
He further testified that he purchased an Intratec nine-millimeter pistol from Atlantic Gun Tackle in Bedford Heights in March 1999, approximately two months prior to the indictment. He produced a receipt and warranty card to that effect. Appellant claims that he specifically inquired as to whether it was legal to purchase this weapon. He was assured by an employee at Atlantic Gun Tackle that as long as the weapon was pre-manufactured and his background check did not reveal that he was a convicted felon, there was nothing illegal in its purchase.
As to the presence of the marijuana seeds in his home, appellant conceded that he smoked marijuana, but not in front of his two children or his pregnant fiancee. He claims that he had collected the seeds over time and had thought at one time that he might try to grow marijuana. He testified that he never purchased the supplies required for this project and that, as a result, he never did grow marijuana nor did he give or sell the seeds to anyone. Appellant further testified that the scale was used to weigh his purchases of marijuana as a way of monitoring the veracity of his suppliers.
Appellant rested his case but did not renew his Crim.R. 29 motion for acquittal. The trial court found appellant not guilty of the preparation-of-drugs-for-sale offense but did find him guilty of the lesser included offense of possession of marijuana, in violation of R.C.2925.11(C)(3)(b), which is a fourth degree misdemeanor. He was also found guilty of unlawfully possessing a dangerous ordnance. As pertains to this finding, the court stated:
 With regard to count two of the indictment, I do find that that's been proved, beyond a reasonable doubt, specifically Revised Code Section 2923.11
indicates that an automatic firearm also means a semi-automatic firearm designated or specifically adapted to fire more than 31 cartridges without reloading. I believe that's been proved. 2923.11(k) define[s] a dangerous ordnance as any automatic firearm. Subsection (1) of that same statute exclude[s] certain firearms from the dangerous ordnance definition of, but none of those apply.
The trial court thereafter sentenced appellant to six months in the county jail on the conviction for possessing marijuana, which was suspended. For unlawfully possessing a dangerous ordnance, appellant was sentenced to one year of community control conditioned on appellant maintaining full-time employment, remaining drug-free and performing fifty hours of community service.
Appellant is now before this court and assigns three errors for our review. His first two assignments of error challenge his conviction for the unlawful possession of dangerous ordnance while the third assignment of error challenges his sentence for the possession of marijuana.
 I.
In his first assignment of error, appellant claims that there was insufficient evidence to convict him of unlawfully possessing a dangerous ordnance. Succinctly, he claims, inter alia, that the weapon was not attached to the fifty-one round clip and therefore was neither designed or specially adapted to fire more than thirty-one rounds without reloading.[2]
When reviewing whether there exists sufficient evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v. Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, 231.
R.C. 2923.17 provides that [n]o person shall knowingly acquire, have, carry, or use any dangerous ordnance. Any automatic firearm qualifies as a dangerous ordnance under R.C. 2923.11(K)(1). An automatic firearm is defined by R.C. 2923.11(E), which provides:
 Automatic firearm means any firearm designed or specially adapted to fire a succession of cartridges with a single function of the trigger. Automatic firearm also means any semi-automatic firearm designed or specially adapted to fire more than thirty-one cartridges without reloading, other than a firearm chambering only .22 caliber short, long, or long-rifle cartridges.
In this case, it is undisputed that the weapon confiscated satisfies the definition of a semi-automatic firearm when attached to a clip with a capacity of firing more than thirty-one cartridges. What is disputed is whether an unattached clip with such a capacity can likewise be considered a semi-automatic weapon. Appellant argues that a weapon only becomes semi-automatic when a clip capable of firing more than thirty-one rounds without reloading is attached and therefore is neither designed nor specially adapted as such when no clip is attached. During trial, the state maintained that whether the clip was attached or unattached was immaterial because the weapon had the capability of firing more than thirty-one rounds once the clip was attached and therefore the weapon was designed to fire in excess of thirty-one rounds.
Appellant relies on Sizemore v. Flannery (June 23, 1982), Warren App. No. 60, unreported, 1982 Ohio App. Lexis 13911 to support his argument. The appellant in Sizemore filed an action in replevin against the Warren County prosecutor when the latter refused to return appellant's weapon on the basis that the weapon was a dangerous ordnance under R.C. 2923.11 and therefore unlawful for appellant to possess. In finding that summary judgment was inappropriately granted to the prosecutor, the Sizemore court stated:
 The mere fact that the weapon is capable of being adapted to fire more than twenty-one (21) cartridges[3] without reloading is not, in our opinion, the criterion upon which to determine whether or not the weapon is included in the definition of automatic firearm as defined in R.C. 2923.11(E).
 Instead, it is our judgment that the weapon is not an automatic weapon if it can be established from the evidence that the weapon does not have attached to it a clip capable of containing more than twenty-one (21) cartridges; and if the evidence establishes that during the time said weapon was in possession of the appellant, said weapon was never so equipped.
The Sizemore court rejected the interpretation of the designed or specially adapted language of the statute that the state herein posits. To the contrary, merely because a weapon can accommodate a variety of clip sizes that any one of which may exceed thirty-one rounds does not mean that the weapon becomes semi-automatic when the evidence supports that such a clip was not attached or never was attached while in the possession of the owner.
We agree with this reasoning. To criminalize the possession of a weapon that has the capability of being used in a lawful manner is illogical and therefore unreasonable. Appellant in this case testified that the fifty-one round clip was not attached to the weapon and that he never had the opportunity to use the weapon at issue because it had only been recently purchased. Had the evidence shown otherwise, the result may have been different. Nonetheless, that is not the case here. As such, the evidence does not support that the weapon in appellant's possession meets the statutory definition of semi-automatic firearm and therefore it is not a dangerous ordnance.
Appellant's first assignment of error is well taken and is sustained. The decision of the trial court finding appellant guilty of possessing a dangerous ordnance is reversed and his conviction vacated.
 II.
In his second assignment of error, appellant contends that the verdict was against the manifest weight of the evidence. Succinctly, he claims that the trial judge lost his way in deciding to convict him of unlawfully possessing a dangerous ordnance. In particular, he argues that the trial court focused on the proximity of the fifty-round clip in relation to the nine-millimeter weapon.
Based on our disposition of appellant's first assignment of error, we need not address appellant's second assignment of error. See App.R. 12(A)(1)(c).
 III.
In his third assignment of error, appellant contends that his suspended six-month sentence for possession of marijuana is contrary to law.[4]
In particular, he claims that a violation of R.C. 2925.11(C)(3)(b) is a fourth degree misdemeanor punishable by a term of imprisonment of no more than thirty days under R.C. 2929.21(B)(4). We agree.
Appellant's third assignment of error is well taken and is sustained. This case is remanded for resentencing as to appellant's conviction for possessing marijuana.
 IV.
In conclusion, appellant's conviction for unlawfully possessing a dangerous ordnance is vacated and this case is remanded for resentencing as to appellant's conviction for possessing marijuana.
This cause is reversed and conviction vacated; remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The indictment listed a machine pistol as the dangerous ordnance, which is not statutorily defined. Nonetheless, the trial court found the indictment to sufficiently describe the weapon at issue.
[2] In its brief on appeal, the state maintained that this error was not preserved for review by this court because appellant failed to renew his Crim.R. 29 motion for acquittal at the close of all evidence. At oral argument, the state concedes that the alleged error is reviewable. See Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163 overruled on other grounds by State v. Lazzaro (1996), 76 Ohio St.3d 261.
[3] The version of R.C. 2923.11(E) in effect at the time of the Sizemore decision defined automatic firearm as any semi-automatic firearm designed or specially adapted to fire more than twenty-one cartridges without reloading Thus, except for the number of cartridges, the language of the statute is identical to the version of the statute at issue in this case.
[4] Ordinarily, when a defendant convicted of a misdemeanor offense has voluntarily paid the fine or completed the sentence for that offense, an appeal from that conviction will be considered moot unless some evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of a civil right from such judgment or conviction. State v. Golston (1994), 71 Ohio St.3d 224. The defendant has the burden of presenting evidence that the conviction, as it affects him personally, rather than in the abstract, will result in a collateral disability or loss of a civil right. State v. Wilson (1975),41 Ohio St.2d 236, 237. The same is true when the sentence is suspended. See State v. Dakdouk (Sept. 21, 2000), Cuyahoga App. No. 77077, unreported, 2000 Ohio App. Lexis 4278. In this case, however, appellant was also responsible for paying a supervision fee and court costs. There is nothing in the record to suggest that these fees and costs were paid. Consequently, his appeal on this issue is not moot.