JOURNAL ENTRY AND OPINION
{¶ 1} C.L. appeals from an order of Juvenile Court Judge Janet Burney that adjudicated him delinquent for offenses that, if committed by an adult, would be burglary[1] and theft.[2] He asserts that the judge erred in denying his motion for acquittal, that the convictions are against the manifest weight of the evidence, that the State's witness should not have been permitted to offer identification testimony, that he was deprived of effective assistance of counsel, and that his sentence was inappropriate. We vacate and order him discharged.
 {¶ 2} From the record we glean the following: On April 29, 2002, Ms. S., cleaning her home on Dorver Avenue in Cleveland, saw "four or five boys" pacing back and forth across the street over a thirty- to forty-five-minute time span. Shortly thereafter, her son told her that some boys had jumped in the window of T.W.'s house across the street. She then called 9-1-1 to report what she saw and what she was told by her son. About fifteen minutes later, two police cars containing four boys arrived at Ms. S's home, and she identified the boys by their clothing. On May 29, 2002, a complaint of delinquency was filed against C.L.
 {¶ 3} At trial on November 22, 2002, Ms. S. testified that she did not provide a description of the boys to the 9-1-1 operator, that she did not get a good look at the boys even after seeing them in the police car, and that she could not specifically describe what they were wearing, only that they were wearing big coats and big hats. Although her son was not called to testify, Ms. S. offered testimony about what her son claimed he saw. The judge then continued the case because the victim, T.W., and the police officers were not present.
 {¶ 4} On February 7, 2003, about two and one-half months later, the trial resumed and the prosecutor advised the judge that she was unable to locate the police officers for trial and was given until that afternoon to present them.[3] The victim, T.W., then testified that after she arrived at home, she saw three boys seated in the back of two police cars. Although she recognized C.L. in the police car as someone from the neighborhood, she did not see him break into her home and did not know under what circumstances he was arrested. She identified a gallon jug of coins, a VCR, and some miscellaneous jewelry as items that had been taken from her home, but could not offer an explanation about how her property came to be in the control of the police on April 29, 2002.
 {¶ 5} The State rested and C.L. moved for acquittal under a Crim. R. 29 motion. He was found guilty of both offenses and sentenced to one year at Ohio Department of Youth Services ("ODYS"). This appeal followed on the assignments of error set forth in Appendix A.
 {¶ 6} C.L. contends that the judge erred in failing to grant his Crim.R. 29 motion for acquittal. We agree and find this first assignment of error dispositive.
 {¶ 7} Crim.R. 29 provides in relevant part:
"The court on motion of a defendant or on its own motion,after the evidence on either side is closed, shall order theentry of a judgment of acquittal of one or more offenses chargedin the indictment, information, or complaint, if the evidence isinsufficient to sustain a conviction of such offense oroffenses."
 {¶ 8} "The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, to take the case from the jury."[4] When ruling on a Crim.R. 29 motion for acquittal, the judge must view the evidence in a light most favorable to the prosecution and determine whether it has presented sufficient evidence on each essential element of the charged offense.[5] A motion for acquittal should not be granted "if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."[6]
 {¶ 9} During the two days of trial, separated by two and one-half months, the State failed to present any evidence linking C.L. to the crime. Although he was taken into custody, the State failed to present the testimony of either of the two arresting officers or any details surrounding his arrest. The victim did not identify him as a perpetrator, nor could she offer any information linking him to the break-in of her home. No witness positively identified C.L. at the crime scene, no testimony was offered about whether the stolen items were in his possession, and no finger prints were introduced. The only evidence presented that could link him to the offenses was Ms. S.'s testimony that the boys she saw lingering across the street were wearing "[C]oats and hats. Big coats and hats and that's it, that's all I know."[7]
 {¶ 10} The state failed to present any evidence proving C.L.'s guilt or any association with the charged offenses. This assignment of error has merit. His conviction is vacated and he is discharged.
 {¶ 11} We find the remaining assignments of error moot.[8]
 {¶ 12} The judgment is vacated.
Judgment vacated.
Diane Karpinski and Sean C. Gallagher, JJ., concur.
"I. The trial court erred in denying appellant's motion foracquittal when the state failed to present sufficient evidence ofcriminal activity."
 "II. Appellant's convictions are against the manifest weightof the evidence."
 "III. The trial court erred in allowing the state's witnessesto offer identification testimony when the show up wasunnecessarily suggestive and the subsequent identification wasinherently unreliable, in violation of appellant's right to dueprocess guaranteed by Article I, section 16 of the OhioConstitution, and the fourteenth amendment to the United StatesConstitution."
 "IV. Appellant was denied his right to effective assistance ofcounsel guaranteed by Article I, section 10 of the OhioConstitution and the sixth and fourteenth amendments to theUnited States Constitution."
 "V. The court erred by imposing a sentence of commitment toOhio Department of Youth Services."
It is ordered that appellant shall recover of appellee costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 2911.12.
[2] R.C. 2913.02.
[3] The prosecutor stated one officer was ill and the other was on vacation.
[4] Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163,398 N.E.2d 781, 782.
[5] State v. Perkins (1994), 93 Ohio App.3d 672,639 N.E.2d 833, 840.
[6] State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus.
[7] Transcript, November 22, 2002 at 16.
[8] App.R. 12.