The STATE of Ohio, Appellee,

v.

PELFREY, Appellant.

[Cite as *State v. Pelfrey,* 167 Ohio App.3d 388, 2006-Ohio-1416.]

Court of Appeals of Ohio,
Third District, Wyandot County.

No. 16–05–07.

Decided March 27, 2006.

Kathryn M. Collins, Assistant Prosecuting Attorney, for appellee.

Dennis E. Pfeifer, for appellant.

_____

SHAW, Judge.

{¶ 1} Defendant-appellant, Jared J. Pelfrey, appeals a judgment from the Upper Sandusky Municipal Court in Wyandot County, sentencing him upon his conviction for underage consumption of alcohol. On appeal, Pelfrey asserts that the trial court erred in denying his motion to suppress, which was based upon the apparent impropriety of the Upper Sandusky Municipal Court and the prosecutor's office sharing a common work space and files; that the trial court erred in allowing the prosecutor to file a bill of particulars on the morning of trial; that the trial court erred in relying upon Pelfrey's father's testimony as a basis for his conviction; and that the trial court erred in denying his Crim.R. 29 motion for acquittal. Finding that the trial court erred in denying Pelfrey's motion to acquit, we reverse the judgment of the trial court.

{¶ 2} On September 26, 2004, at approximately 3:30 a.m., Officer Silcox was called to the Pelfrey home following a complaint of loud music. At the time that Officer Silcox approached the rear of the house, he observed two individuals on the back patio of the house by a table. Officer Silcox also noticed that the patio area was strewn with beer bottles and cans and that the area smelled of alcohol. Officer Silcox then observed Pelfrey, who he knew to be underage, coming out of the residence holding a Bud Light beer bottle. When Officer Silcox attempted to question Pelfrey, he told Officer Silcox that he was going to get his parents. Pelfrey then went into the house and took the beer bottle with him. Subsequently, Pelfrey returned without the beer bottle and told Officer Silcox that he could not get his parents to wake up. Additionally, he refused to answer any further questions or to perform any tests requested by the officers. Based upon his observations, Officer Silcox arrested Pelfrey for underage consumption of alcohol.

{¶ 3} In January 2005, Pelfrey filed a motion to dismiss based upon an appearance of impropriety between the Upper Sandusky Municipal Court and the prosecutor's office. Subsequently, the trial court denied Pelfrey's motion to dismiss, finding that a motion to dismiss was an improper venue for such a complaint and that the trial court did not have jurisdiction over alleged violations of the Code of Judicial Conduct as well as the Code of Professional Responsibility.

{¶ 4} In April 2005, a bench trial was held. On the morning of trial, Pelfrey made an oral motion to dismiss, based upon the prosecutor's failure to timely prepare a bill of particulars, although Pelfrey had made a proper request for one prior to trial. Following the prosecutor's acknowledgment that she had failed to prepare a bill of particulars, the trial court took an hour recess to allow the

prosecutor to prepare one. When the proceedings resumed, Pelfrey noted that he had only just received the bill of particulars and that he had had approximately ten minutes to review it. The trial then proceeded.

{¶ 5} At trial, Officer Silcox testified to the above events. Additionally, Pelfrey called his father to testify on his behalf. Pelfrey's father testified that he had purchased a 12–pack of beer for his son earlier on the day of the incident. He also stated that he believed that he had the right to serve his underage son alcohol at his home, so long as he was at the house. Pelfrey's father testified that he drank a few beers with his son prior to going to bed. Finally, he stated that did not know if Pelfrey had consumed any alcohol after he had gone to bed but that it would not surprise him if Pelfrey had, because he thought it was legal to allow his son to drink alcohol so long as he was at the house with him.

{¶ 6} Following the presentation of the evidence, the trial court found Pelfrey guilty of the charge of underage consumption of alcohol. The trial court sentenced Pelfrey to a $50 fine and 30 days in jail; however, 27 days of Pelfrey's sentence were suspended upon the condition that Pelfrey not consume alcohol until his 21st birthday. It is from this judgment that Pelfrey appeals, presenting the following assignments of error for our review.

### Assignment of Error No. I

The trial court erred when it failed to grant Appellant's motion to suppress because the practices of the Upper Sandusky Municipal Court violate the Ohio Code of Professional Responsibility and the Ohio Code of Judicial Conduct to the prejudice of Appellant, Mr. Jared Pelfrey.

### Assignment of Error No. II

The trial court erred by permitting the state to file its bill of particulars, during a recess the day of trial, thereby giving Mr. Pelfrey's attorney approximately ten minutes' notice of the exact charge against him.

### Assignment of Error No. III

The trial court erred when it relied on the father's testimony as the basis to convict the appellant after determining that the appellant's witness was not credible.

### Assignment of Error No. IV

The trial court erred by refusing to grant the appellant's motion for acquittal.

{¶ 7} Due to the nature of the assignments of error, we will address them out of order.

*Assignment of Error No. IV*

{¶ 8} In the fourth assignment of error, Pelfrey asserts that the trial court erred in denying his Crim.R. 29 motion for acquittal. We agree.

{¶ 9} Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus. The *Bridgeman* standard, however, "must be viewed in light of the sufficiency of evidence test." *State v. Foster* (Sept. 17, 1997), 3rd Dist. No. 13–97–09, 1997 WL 576353, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, superseded by state constitutional amendment on other grounds as recognized in *State v. Smith* (1997), 80 Ohio St.3d 89, 684 N.E.2d 668. An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 10} The defendant may move the court for acquittal "after the evidence on either side is closed." Crim.R. 29(A). When a defendant moves for acquittal at the close of the state's evidence and that motion is denied, the defendant "waives any error which might have occurred in overruling the motion by proceeding to introduce evidence in his or her defense." *State v. Brown* (1993), 90 Ohio App.3d 674, 685, 630 N.E.2d 397. In order to preserve a sufficiency-of-the-evidence challenge on appeal once a defendant elects to present evidence on his behalf, the defendant must renew his Crim.R. 29 motion at the close of all the evidence. Id., citing *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464, paragraph one of the syllabus; see, also, *Dayton v. Rogers* (1979), 60 Ohio St.2d 162, 163, 14 O.O.3d 403, 398 N.E.2d 781, overruled on other grounds, *State v. Lazzaro* (1996), 76 Ohio St.3d 261, 667 N.E.2d 384, syllabus.

{¶ 11} Upon review of the record, we find that Pelfrey made his Crim.R. 29 motion at the close of the state's case, proceeded to present evidence on his behalf, and then failed to renew his motion for acquittal at the conclusion of all of the evidence. Thus, he has waived all but plain error. In order to find plain error, Crim.R. 52(B) requires that there be a deviation from a legal rule, that the error be an "obvious" defect in the trial proceedings, and that the error affect a defendant's "substantial rights." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Reversal on plain error is to be used "with the utmost

caution, under exceptional circumstances and only to prevent a manifest miscarriage" of justice. Id.

{¶ 12} In the case sub judice, Pelfrey was charged with underage consumption of alcohol pursuant to R.C. 4301.69(E)(1). R.C. 4301.69(E)(1) provides:

No underage person shall knowingly order, pay for, share the cost of, attempt to purchase, possess, or consume any beer or intoxicating liquor in any public or private place. No underage person shall knowingly be under the influence of any beer or intoxicating liquor in any public place. The prohibitions set forth in division (E)(1) of this section against an underage person knowingly possessing, consuming, or being under the influence of any beer or intoxicating liquor shall not apply if the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian, or the beer or intoxicating liquor is given by a physician in the regular line of the physician's practice or given for established religious purposes.

{¶ 13} Based upon the testimony presented at trial, the trial court found that "although circumstantial * * * the State has proven its case beyond a reasonable doubt." Additionally, the trial court found:

The defendant set forth the defense of parental supervision. In this defense, the defendant has the obligation to prove that he was accompanied or *supervised* by a parent at all times when he consumed the alcohol. The gist of the defense is that parents allow alcohol use by their children while under their control and while under their supervision. Based on the testimony adduced at trial, the defendant's father would have the court believe that defendant was under his "supervision or control" while he and his wife were upstairs sleeping at 3:30 a.m.

(Emphasis added.) Id.

■■ {¶ 14} Upon review of this evidence, we find that the trial court erred in finding that Pelfrey's father was required under the facts of this case to "supervise" his son in order for Pelfrey to rely upon the defense in R.C. 4301.69(E)(1). R.C. 4301.69(E)(1) states that an underage individual may consume alcohol "if the underage person is accompanied by a parent." The plain language of the statute requires that a parent accompany the child, not that a parent "supervise" the child as the trial court required. Furthermore, as applicable to the home setting before us in this case, the statute does not require that the parent supervise the child during all of the time the child is consuming the alcoholic beverage, which the trial court's ruling requires.

{¶ 15} Based upon the plain language of the statute, the legislature created an exception to the prohibition on underage consumption for parents who wish to allow their underage children to consume alcohol when, for example, the child is

at home with the parent present. We may not read into this statute a further requirement that a parent must watch the child while he or she is actually consuming the alcohol.

{¶ 16} As noted above, Pelfrey's father testified that he had purchased a 12-pack of beer for his son earlier that day. Pelfrey's father also stated that he believed that he had the right to serve his underage son alcohol at his home, so long as both were at the house.

{¶ 17} Upon review of this evidence, we find as a matter of law that Pelfrey has clearly established the defense provided for in R.C. 4301.69(E)(1). Pelfrey's father bought beer for his son to drink, and he consumed beer with his son. In doing so, he was exercising his right to allow his son to drink in his home. Because the parents were at home, although not necessarily in the same room with him, Pelfrey can still rely upon the defense set forth in the statute. Having established that the trial court's finding that Pelfrey's parents were required to supervise him was error, we find that the parents' presence in the house while Pelfrey was drinking on the premises of their home is sufficient to satisfy the requirements of the defense in R.C. 4301.69(E)(1). No evidence was presented in this case that Pelfrey consumed alcohol at any other location. Consequently, our holding herein does not reach the issue of whether "accompanying" in a different context or setting might require a degree of supervision.

{¶ 18} A parent's presence in the house at the time the minor consumes the alcohol will satisfy, as a matter of law, the "accompanying" requirement set forth in R.C. 4301.69(E)(1). Based upon the facts presented at trial, even when we consider these facts under the more stringent plain-error analysis, we find that, as a matter of law, a parent's presence satisfies the defense set forth in R.C. 4301.69(E)(1) regardless of whether the parent is present in the same part of the premises of the home as the child at the time the child consumes the alcohol.

{¶ 19} Having found that the trial court erred in finding that Pelfrey's parents were required to supervise him while he consumed the alcohol in question in this case and that the parents' permission allowing Pelfrey to consume alcohol while at home with him satisfies the requirements of the defense set forth in R.C. 4301.69(E)(1), we sustain the fourth assignment of error.

### Assignments of Error Nos. I, II, and III

{¶ 20} In the first assignment of error, Pelfrey asserts that the trial court erred by denying his motion to dismiss, based upon the appearance of impropriety in the practices of the Upper Sandusky Municipal Court. In the second assignment of error, Pelfrey asserts that the trial court erred by permitting the prosecutor to file its bill of particulars on the day of trial. In the third assignment of error, Pelfrey contends that the trial court erred in relying on his

father's testimony as a basis for Pelfrey's conviction. Based on the foregoing, it is unnecessary for this court to address the remaining assignments of error. Pursuant to App.R. 12(A)(1)(c), assignments of error one, two, and three have been rendered moot.

{¶ 21} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

CUPP, J., concurs.

ROGERS, J., concurs separately.

ROGERS, Judge, concurring separately.

{¶ 22} While I concur in the judgment of the majority, I do so for different reasons. In my opinion, there was absolutely no evidence adduced at trial that could demonstrate that Pelfrey was consuming an alcoholic beverage when Officer Silcox arrived at the residence.

{¶ 23} When Officer Silcox first observed Pelfrey, Pelfrey had a beer bottle in his hand. There is no evidence that there was anything in that bottle at the time. The only other indication that Pelfrey may have been consuming an alcoholic beverage is the father's statement that it would not surprise him if his son had consumed beer after he (the father) went to bed. This statement is a conclusion on the part of the witness. Any question to that effect would have been objectionable, as would the statement if offered gratuitously. Even if not objected to and stricken, the trial court could give no weight to such speculation.

{¶ 24} It is axiomatic that a criminal conviction requires a finding of guilt beyond a reasonable doubt. The mere possibility, or even a probability, that Pelfrey may have committed a criminal act is insufficient to sustain a conviction for a criminal offense as a matter of law.

{¶ 25} Therefore, I would rule that the finding of the trial court was based on insufficient evidence as a matter of law. I would find plain error on this basis and would not reach the issue of whether Pelfrey was "accompanied" by a parent.