This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Tony Artrip ("Artrip"), appeals his conviction from the Medina County Court of Common Pleas. We affirm.
 I.
During the course of an undercover investigation, an agent of the Medway Drug Enforcement Agency ("Medway") established a relationship with Juanita Baisden-Shackleton ("Baisden-Shackleton"). The agent made several purchases of cocaine from Baisden-Shackleton.
On April 3, 1999, Baisden-Shackleton met with the Medway agent at Artrip's house to arrange the purchase of cocaine. Unknown to Baisden-Shackleton, the agent was wearing a wireless audio transmitter and other agents were operating a videotape camera from a concealed position. After the agent placed his order, Artrip and Baisden-Shackleton traveled to Cleveland in Artrip's car and met with an unidentified black male. Later that evening, the agent returned to Artrip's house and purchased cocaine.
Artrip was indicted for complicity to commit trafficking in cocaine in violation of R.C. 2923.03(A)(2) and 2925.03(A), (C)(4)(d). After a jury trial, the trial court convicted Artrip of complicity to commit trafficking in cocaine and sentenced him to two years in prison.[1]
This appeal followed. The assignments of error will be discussed out of order for ease of discussion.
 III.
Assignment of Error No. 2:
 THE COURT AND JURY ERRED IN CONVICTING DEFENDANT, BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND THE CONVICTION WAS AGAINST THE WEIGHT OF THE EVIDENCE.
 In his second assignment of error, Artrip argues that his conviction was not supported with sufficient evidence and that it was against the manifest weight of the evidence. We disagree.
 Manifest Weight of the Evidence When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
In the present case, Artrip was convicted of complicity to commit trafficking in cocaine. R.C. 2923.03(A)(2) provides that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]" R.C. 2925.03(A)(1) states "[n]o person shall knowingly * * * [s]ell or offer to sell a controlled substance."
In finding Artrip guilty of complicity to trafficking in cocaine, the jury was required to find that the state had proven, beyond a reasonable doubt, that Artrip knowingly aided Baisden-Shackleton in selling or offering to sell the cocaine. R.C. 2901.22(B) provides:
 [a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
 Knowledge may also be ascertained from the surrounding facts and circumstances in the case. See State v. Johnson (1978), 56 Ohio St.2d 35, 38, quoting State v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus.
At trial, Baisden-Shackleton testified that she pleaded guilty to the offense of trafficking in cocaine. She testified that she used Artrip's car to acquire the cocaine and his house to conduct the transaction. Baisden-Shackleton stated that Artrip sat at the kitchen table with her while she weighed and packaged the cocaine. She had conversations with Artrip regarding the fact that she sold cocaine.
The state presented evidence from four officers who were involved in the Medway investigation. Officer Cadwell testified that he went undercover to make several drug purchases from Baisden-Shackleton. On April 3, 1999, Officer Cadwell received a page from Baisden-Shackleton regarding the purchase of cocaine. He met with Baisden-Shackleton at Artrip's house and placed and order for "four eight-balls" of cocaine. Later that day, Officer Cadwell received another page and went to Artrip's house to purchase the cocaine.
Once inside the house, Officer Cadwell stated "I didn't know it was going to take you guys this long" and Artrip replied "[w]ell it's well worth the wait." Officer Cadwell followed Baisden-Shackleton into the living room and handed her eight hundred dollars. A few seconds later, Artrip entered the living room carrying a "plastic sandwich bag with four pieces of paper containing the cocaine[.]" Artrip handed the baggie to Baisden-Shackleton who in turn gave it to Officer Cadwell.
Artrip's house was under audio and visual surveillance on April 3, 1999. At trial, Officers DeFelice, Scullin and Millam testified regarding the transaction between Officer Cadwell and Baisden-Shackleton. All three officers were involved in either monitoring or recording the surveillance of Artrip's house and car. The state presented the surveillance videotape and audiotape to the jury.
The administrative assistant at Medway, Rosalie Yutzy, testified that she was the evidence custodian. Her job responsibilities included transporting the evidence from the evidence drawer at Medway to the Bureau of Criminal Investigations ("BCI"). She retrieved the evidence from BCI after lab test had been performed. The parties stipulated to the findings of the BCI that the baggie contained 12.36 grams of cocaine.
Artrip was the only witness for the defense. Artrip testified that he had been dating Baisden-Shackleton for approximately three weeks before April 3, 1999. In addition to dating, Artrip and Baisden-Shackleton used cocaine together on several occasions. Baisden-Shackleton did not require Artrip to pay for the cocaine that he used with her.
Artrip denied having any knowledge of Officer Cadwell's cocaine purchase. Artrip testified that he and Baisden-Shackleton traveled to Cleveland in his car. He believed the purpose of the trip was to collect a money debt. He was not aware that the unidentified black male they met in Cleveland was providing cocaine to Baisden-Shackleton. Artrip denied any involvement in the weighing and packaging of the cocaine once the couple returned to his house. Artrip believed that Officer Cadwell was Baisden-Shackleton's cousin. Artrip was seated in the kitchen, 10 to 15 feet away from the living room where the cocaine purchase occurred.
Upon a careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Artrip of complicity to trafficking in cocaine. We cannot find that this evidence weighs heavily in favor of the defendant such that a new trial must be ordered.
 Sufficiency of Evidence Artrip argues that his conviction was not supported by sufficient evidence. We find that he waived any objection under Crim.R. 29 to the sufficiency of the evidence.
A defendant who is tried before a jury and brings a Crim.R. 29(A) motion for acquittal at the close of the state's case waives any error in the denial of the motion if the defendant puts on a defense and fails to renew the motion for acquittal at the close of all the evidence. State v. Miley (1996), 114 Ohio App.3d 738, 742, citing Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, overruled on other grounds by State v. Lazzaro (1996), 76 Ohio St.3d 261 . This court has held that if a defendant fails to renew his motion for acquittal the defendant "has not preserved [the] issue on appeal." State v. Childress (June 29, 1988), Lorain App. No. 4320, unreported, at 3. "A defendant may not challenge the sufficiency of the evidence on appeal unless he moved for acquittal at trial." State v. Liggins (Aug. 18, 1999), Summit. App. No. 19362, unreported, at 3.
In the present case, Artrip failed to renew his Crim.R. 29 motion for acquittal after presenting his defense. He also did not move for a judgment of acquittal after the jury returned a guilty verdict under Crim.R. 29(C). We find that Artrip waived any objection under Crim.R. 29 to the sufficiency of the evidence and he may not challenge the sufficiency of the evidence on appeal.
Artrip's second assignment of error is overruled
 II.
Assignment of Error No. 1:
 DEFENDANT WAS DENIED THE RIGHT TO A FAIR TRIAL BECAUSE HE WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.
 In his first assignment of error, Artrip argues that he was denied the effective assistance of counsel at trial. We disagree.
A two-step process is employed in determining whether the right to effective counsel has been violated.
 First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland v. Washington (1984), 466 U.S. 668, 687, 80 L.Ed.2d 674, 693.
In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus. In addition, the court must evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690, 80 L.Ed.2d at 695. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate. Strickland, 466 U.S. at 689, 80 L.Ed.2d at 694- 695.
In the present case, Artrip argues that his trial counsel was ineffective for failing to object to inadmissible evidence including hearsay, lack of foundation, and assuming facts not in evidence. Trial counsel also failed to object to the prosecutor's closing argument, which Artrip asserts commented on the credibility of a witness and shifted the burden of proof onto Artrip. Each issue will be addressed separately.
Artrip argues that the state offered Officer DeFelice's statements to prove that the drug transaction occurred. The state produced several officers to testify regarding the drug transaction. Officer Cadwell was the undercover agent involved directly in the purchase of cocaine. Officer Cadwell testified regarding his personal knowledge and observations of the drug transaction.
Officer DeFelice also testified regarding various aspects of the cocaine purchase. Officer DeFelice was the supervising agent of the Medway investigation. He was involved in the audio and visual surveillance of Artrip's house and monitored the cocaine purchase. Based on Officer Cadwell's testimony regarding the cocaine purchase, we find that Officer DeFelice's testimony regarding the drug transaction was not prejudicial to Artrip.
Artrip challenges the testimony of several officers regarding Artrip's phone number and vehicle registration. Baisden-Shackleton testified that she used Artrip's home, phone and car for her drug transactions. In light of Baisden-Shackleton's testimony, we can not say that the admission of the officer's testimony regarding Artrip's phone number and vehicle registration prejudiced the outcome of his case.
Artrip argues that the state failed to establish the identity of the cocaine which "directly affects its admissibility." Chain of custody is a part of the authentication and identification mandate set forth in Evid.R. 901, and the state has the burden of establishing the chain of custody of a specific piece of evidence. State v. Barzacchini (1994),96 Ohio App.3d 440, 458. The state is required only to establish that it is reasonably certain that substitution, alteration or tampering did not occur. Id., citing, State v. Blevins (1987), 36 Ohio App.3d 147, 150. A chain of custody can be established by direct testimony or by inference. Chain of custody objections go to the weight of the evidence, not to its admissibility. State v. Mays (1995), 108 Ohio App.3d 598. As Artrip is arguing admissibility and not weight, his chain of custody argument does not support a finding that his trial counsel was ineffective.
Artrip contends that trial counsel was ineffective for failing to object to the prosecutor's closing argument. When reviewing allegations of prosecutorial misconduct, appellate courts must consider that "`the touchstone of due-process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor.'" State v. Hill (1996), 75 Ohio St.3d 195, 203, quoting Smith v. Phillips (1982), 455 U.S. 209, 219, 102 S.Ct. 940, 947,71 L.Ed.2d 78, 87. The Ohio Supreme Court has declared that prosecutorial misconduct is not grounds for error unless the defendant has been denied a fair trial. State v. Maurer (1984), 15 Ohio St.3d 239, 266. In order to reverse a conviction based on prosecutorial misconduct, the defendant must prove that the comments were improper and that they prejudicially affected the defendant's substantial rights. State v. Smith (1984),14 Ohio St.3d 13, 14.
Artrip has first alleged that the State committed prosecutorial misconduct by commenting on the credibility of the witnesses. Specifically, Artrip points to the following comments:
 Juanita Baisden was on the stand. I thought she did a pretty good — — State felt she did a pretty good job. Defense counsel tried to attack her. Didn't look to me she broke. Didn't look to me like she was a scorned woman. Looked like she was upset she had been in prison that long, but wouldn't anybody?
 Artrip also avers that that prosecutor shifted the burden of proof in the following statements "[i]n this case the defendant needed to testify. I'll tell you why he needed to testify. He had to get the story out. His story about how he's innocent."
We find that the prosecutor's remarks did not rise to the level of prosecutorial misconduct.Viewed in the context of the entire trial, it cannot be said that the prosecutor's remarks denied Artrip a fair trial.
Accordingly, Artrip's first assignment of error is overruled.
 IV.
Assignment of Error No. 3:
 THE COURT ERRED BY INCORRECTLY STATING THE OFFENSE OF WHICH DEFENDANT WAS CONVICTED AND INCORRECTLY COMPUTING DEFENDANT'S CREDIT FOR TIME SERVED.
 In his third assignment of error, Artrip argues that the trial court's journal entry dated September 12, 2000, erroneously stated his offense and credit for time served. The record reflects that on October 5, 2000, the trial court entered a nunc pro tunc order. The nunc pro tunc order stated the correct offense, complicity to trafficking in cocaine and stated that Artrip received 26 days credit for time served. The October 5, 2000 nunc pro tunc order renders Artrip's third assignment of error moot.
 V.
Assignment of Error No. 4:
 THE COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT TO TWO YEARS INCARCERATION.
 In his fourth assignment of error, Artrip challenges the trial court's imposition of more than the minimum sentence. He argues that his sentence is not supported by sufficient evidence. We disagree.
When reviewing an appeal of a sentence, an appellate court may remand the matter to the trial court for resentencing if the court finds that the trial court clearly and convincingly acted contrary to law or the record. R.C. 2953.08(G)(1). Clear and convincing evidence is that "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2929.14 is concerned with the imposition of sentences in felony proceedings. Under R.C. 2929.14(B) a trial court may impose more than the minimum sentence on a offender who has not previously served a prison term if "the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender." R.C. 2929.14(B).
In interpreting this requirement, the Supreme Court of Ohio has held that:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its findings that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more that the minimum authorized sentence.
 (Emphasis sic.) State v. Edmonson (1999), 86 Ohio St.3d 324, syllabus. Furthermore, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." Id. at 326.
At the sentencing hearing, the trial court made the requisite findings for imposing a more than minimum sentence. The court stated "that to give [Artrip] the minimum prison sentence, or at least — — the least prison sentence in this case, demeans the seriousness of the offense." Accordingly, Artrip's fourth assignment of error is overruled.
 VI.
Having overruled Artrip's four assignments of error, we affirm the judgment of the trial court.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM R. BAIRD
SLABY, J., WHITMORE, J. CONCUR
[1] The record reflects that the trial court's September 12, 2000 journal entry stated the incorrect offense. On October 5, 2000, the trial court entered a nunc pro tunc order stating the correct offense, complicity to commit trafficking in cocaine.