OPINION
{¶ 1} Darryl Chatman was found guilty after a bench trial of assault. He was sentenced to six months incarceration. On appeal, he advances four assignments of error.
 {¶ 2} "1. The trial court erred in overruling defendant's rule 29 motion for acquittal."
 {¶ 3} Chatman moved for acquittal at the close of the State's case, but did not renew his motion for acquittal at the close of all the evidence. Chatman testified after his motion for acquittal was overruled. The parties disagree as to whether the failure to renew the motion for acquittal at the close of the evidence waived this assignment of error. On the authority of Dayton v. Rogers (1979), 60 Ohio St.2d 162,163, we hold that it did not. Although the substantive holding in Rogers
was overruled in State v. Lazzaro (1996), 76 Ohio St.3d 261, the procedural statement was not. The Rogers court said:
 {¶ 4} "The purpose of a motion for judgment of acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, to take the case from the jury. In the non-jury trial, however, the defendant's plea of not guilty serves as a motion for judgment of acquittal, and obviates the necessity of renewing a Crim.R. 29 motion at the close of all the evidence."
 {¶ 5} Turning to the merits of the assignment, the essential issue on the motion for acquittal was whether Chatman knowingly caused physical harm to Spears. R.C. 2903.13(A). A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or be of a certain nature. R.C. 2901.22(B).
 {¶ 6} The State's evidence consisted of the testimony of Spears and Dayton Police Officer Timothy Gould.
 {¶ 7} Spears testified that she entered Chatman's apartment about 9:30 p.m. at the behest of a third person, who let her in. She sat at a table near a bed where Chatman was sleeping while the third person woke Chatman up. Chatman got up, sat down beside her at the table and backhanded her, breaking her nose. Chatman didn't apologize and told her not to bleed on his carpet. Spears left the apartment and went to the hospital, where she talked to the police. She said she didn't recall telling the police that her assailant broke her nose because she resisted being pulled into the apartment by the hair, but she didn't deny that she may have said that.
 {¶ 8} Officer Gould testified that Spears was upset when he talked to her at the hospital, and that she told him her assailant broke her nose when she resisted being pulled into the apartment by the hair.
 {¶ 9} A Crim.R. 29 motion for acquittal tests the sufficiency of the evidence. Rogers, supra.
 {¶ 10} Chatman essentially argues that Spears was not a credible witness and that element of "knowingly" was not proved beyond a reasonable doubt.
 {¶ 11} On the question of credibility, Chatman points to Spears' uninvited presence in his apartment, Spears' conflicting statements about whether she knew the third party, a lack of motive or history of animosity between Spears and Chatman, and the conflict between Spears' testimony as to how her nose came to be broken and what she told officer Gould.
 {¶ 12} Spears' trial testimony as to how her nose was broken certainly supported an inference that Chatman acted knowingly. The importance to attach to matters affecting Spears' credibility were commended to the discretion of the trial court and, in our judgment, did not necessarily undermine Spears' trial testimony to the extent that a reasonable factfinder could only conclude that the elements of assault had not been proved beyond a reasonable doubt. See State v. Sowry, 155 Ohio App.3d 742,744; 2004-Ohio-399.
 {¶ 13} The first assignment is overruled.
 {¶ 14} "2. The evidence was insufficient to support the verdict."
 {¶ 15} The test for sufficiency is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Scott, 101 Ohio St.3d 31, 36-37; 2004-Ohio-10.
 {¶ 16} Chatman asserts that the trial court was not convinced beyond a reasonable doubt of his guilt. In support of this assertion he points to the fact that the trial court replayed a portion of his cross-examination three times. The court appears to have been reacting to a dispute between the prosecutor and Chatman as to what Chatman's answer had been to a certain question. We fail to see — and Chatman does not explain — how this demonstrates that the court was not convinced beyond a reasonable doubt of Chatman's guilt.
 {¶ 17} Next, Chatman contends the trial court admitted to uncertainty as to the significance of Spears' inability to recall her statement to the police, and that Spears refused to re-enter the courtroom despite the court's desire to clarify the issue. Chatman does not support this contention with a citation to the record, and our examination of the record does not disclose a scenario as described by Chatman. The record does disclose that Spears did not want to be in the courtroom to hear the verdict. The record does not disclose a refusal by Spears to re-enter the courtroom to assist the court in clarifying the evidence or uncertainty by the trial court as to the significance of her inability to recall what she told the police. This topic was discussed by the court and counsel in a rather free-wheeling discussion about the evidence after the close of the evidence. Chatman's contention does not implicate the sufficiency of the evidence.
 {¶ 18} Finally, Chatman contends that the trial court recognized Spears had been lying and was concerned about the truthfulness of her testimony. It is obvious that Spears was untruthful either in her trial testimony or her statement to Officer Gould as to how her nose was broken. It was the responsibility of the trial judge to determine which of the two versions to credit. In discussing the evidence with counsel, the court suggested a reason for crediting Spears' trial testimony over what she told Officer Gould: "Maybe she was going (to Chatman's apartment) to go smoke dope and maybe she didn't want to add that part?" We have no reason to believe the trial court abused its discretion in resolving evidentiary conflicts and are satisfied from the record that the evidence was sufficient to support the conviction.
 {¶ 19} The second assignment is overruled.
 {¶ 20} "3. The trial court's guilty finding is against the manifest weight of the evidence."
 {¶ 21} Chatman testified that he had been asleep since three or four p.m. having been drinking earlier in the day — and was "out of it" when Spears awakened him by choking him and "trying to get (him) up to smoke some dope or something." He said, in effect, that he accidentally struck Spears as she awakened him, while lying in his bed. He said he apologized to Spears and helped her to the sink to clean up.
 {¶ 22} In arguing that the finding of guilty was against the manifest weight of the evidence, Chatman argues that his story was more credible than Spears'. He points to the facts that there was no evidence of animosity between him and Spears, that people don't hit other people for no reason, and that he was understandably startled when Spears — whose visit was unanticipated — choked him into wakefulness.
 {¶ 23} Compelling as these arguments may be, resolution of evidentiary conflicts is the province of the trial court. In our judgment, Spears' testimony was not so implausible as to persuade us that the trial court lost its way in crediting it. Chatman also claims that the court lost its way by "inferring" that he admitted sitting down at a table when this was not his testimony. Chatman has not referenced the record to demonstrate that this inference was, in fact, made, and our review of the transcript has not satisfactorily shown that such an inference was made. See Scott,
supra, 37.
 {¶ 24} The third assignment is overruled.
 {¶ 25} "4. The court committed an error in denying Mr. Chatman's request to have his complete testimony replayed."
 {¶ 26} In support of this argument, Chatman first relies on Evid.R. 106. This rule, by its terms, applies to recordings which are introduced as evidence. Here, the recording is of the trial itself. Evid.R. 106 has no application. Chatman next resorts to Evid.R. 611(A) which directs a trial court to exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make them effective for the ascertainment of truth. Again, by its terms, Evid.R. 611(A) is not implicated by a request to replay trial testimony.
 {¶ 27} Chatman appears to be arguing that a portion of his cross-examination that the prosecutor asked to be replayed misled the court into believing Chatman had said something that he had not said — that he had sat down at the table — and that only by listening to his entire testimony could the court cure the error. Chatman appears to concede in his reply brief "that ultimately the entire segment was replayed . . ." but by that time the judge "had already lost his way."
 {¶ 28} The record does not reflect a finding by the trial court that Chatman sat down at a table. More important, the issue of whether to listen to a recording of trial testimony is a matter commended to the discretion of the trial court. This was a short trial and Chatman's testimony — direct and cross — covered eight pages of transcript. In the absence of any clear showing that the trial court misapprehended Chatman's testimony, we find no abuse of discretion in the trial court's declining to listen to a recording of it, the court having just listened to Chatman testify.
 {¶ 29} The fourth assignment is overruled.
 {¶ 30} The judgment will be affirmed.
Donovan, J. and Young, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).