OPINION
{¶ 1} Defendant-Appellant Tyrone Artemus appeals from his conviction on one count of Assault. Artemus contends that his conviction is against the manifest weight of the evidence and that there is insufficient evidence to support that conviction. From our review of the record, we conclude that Artemus's conviction is supported by sufficient evidence and that it is not against the manifest weight of the evidence. Therefore, we *Page 2 
affirm the judgment of the trial court.
 I {¶ 2} One afternoon in December, 2005, Artemus walked into the People's Market. The cashier recognized Artemus as someone who was not allowed to patronize the store due to prior problems. She notified the grocery manager, Darrell O'Neal, who also serves as a security guard. O'Neal in turn advised the store manager, Nouh Rabee, of Artemus's presence in the store.
 {¶ 3} In the meantime, Artemus picked up a loaf of bread and walked to the cashier. Pursuant to the instructions of the store's owners, Rabee had previously told Artemus not to return to the store. On this occasion, Rabee approached Artemus, told him that he was not allowed to be in the store, and asked him to leave. Artemus insisted that the previous problems had been resolved and that he just wanted a loaf of bread. When Rabee again demanded that Artemus leave the store, Artemus threw some money down and started to walk out of the store with the bread. As Rabee reached for the bread, Artemus grabbed Rabee by the neck and pushed him into some soda coolers, causing pain in his neck that manifested later in the day.
 {¶ 4} When O'Neal saw Artemus shove Rabee, O'Neal grabbed Artemus and threw him to the ground, attempting to handcuff him. Artemus continued to struggle with O'Neal, who felt it necessary to discharge pepper spray in Artemus's face.
 {¶ 5} Artemus testified on his own behalf, denying that he had previously been told not to return to the store, although admitting to two previous disagreements with store personnel. Despite the fact that Rabee was insisting that Artemus leave the store, Artemus *Page 3 
claimed that Rabee was blocking his way to the door. Artemus stated that Rabee grabbed him and that, as the two tussled, O'Neal threw him to the ground and pepper-sprayed him.
 {¶ 6} As a result of the altercation, Artemus was indicted on one count of Assault. The case was tried without a jury, and Artemus was found guilty as charged. The trial court ordered a ninety-day suspended sentence and two years of unsupervised probation. From his conviction, Artemus appeals.
 II {¶ 7} Artemus's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND WITH INSUFFICIENT EVIDENCE."
 {¶ 9} Artemus contends that his conviction for Assault is not supported by sufficient evidence and is against the manifest weight of the evidence. Specifically, Artemus insists that he was assaulted by Rabee and O'Neal, and that his physical limitations support his testimony because those limitations would make it difficult for him to commit assault. In response, the State first contends that Artemus waived this issue by failing to renew his Crim.R. 29 motion for judgment of acquittal at the close of all evidence. Alternatively, the State maintains that Artemus's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence. Although we do not agree that Artemus waived his contention as a result of having failed to renew his motion for judgment of acquittal, we do agree that the State presented sufficient evidence to support a conviction, and that the factfinder did not lose its way in finding Artemus guilty of Assault, beyond a *Page 4 
reasonable doubt.
 {¶ 10} A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or to sustain the verdict as a matter of law. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 11} In contrast, when reviewing a judgment under a manifest weight standard of review "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." Thompkins, supra, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 12} We first address the State's claim that Artemus waived his right to review of this issue when he failed to renew his Crim.R. 29 motion for acquittal at the close of all evidence. As we have previously recognized, `"[t]he purpose of a motion for judgment of *Page 5 
acquittal is to test the sufficiency of the evidence and, where the evidence is insufficient, to take the case from the jury. In the non-jury trial, however, the defendant's plea of not guilty serves as a motion for judgment of acquittal, and obviates the necessity of renewing a Crim.R. 29 motion at the close of all the evidence.'" State v.Chatman, Montgomery App. No. 20595, 2005-Ohio-1930, §§ 3-4, quotingDayton v. Rogers (1979), 60 Ohio St.2d 162, 163, 398 N.E.2d 781. Because Artemus pled not guilty before being tried to the bench, it was not necessary for him to renew his motion for acquittal at the close of all evidence. Therefore, Artemus did not waive this issue below.
 {¶ 13} Of course, even if Artemus could be said to have waived the issue of sufficiency of the evidence, it would be hard to find a more clear-cut case of plain error: if the trial court had not committed the error of convicting a defendant on insufficient evidence, a different judgment would necessarily, not just likely, have resulted.
 {¶ 14} Artemus was convicted of Assault under R.C. § 2903.13(A), a misdemeanor of the first degree. The statute states that: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Artemus insists that he was assaulted by Rabee and O'Neal and that his own physical limitations support his testimony, because those limitations would make it difficult for him to commit an assault. In short, Artemus argues that his testimony is more credible than that of either Rabee or O'Neal. However, the credibility of witnesses and the weight to be given to their testimony are matters primarily for the trier of fact to resolve. State v. DeHass (1967),10 Ohio St.2d 230, 231, 227 N.E.2d 212.
 {¶ 15} Both of the State's witnesses testified that Artemus grabbed Rabee by the neck and pushed him into the coolers. There is some contention that Rabee's neck did not *Page 6 
hurt for a couple of hours, and so the pain could not have been caused by Artemus. Even if this were true, however, the trier of fact could easily conclude from Artemus's actions that he intended to cause physical harm to Rabee. Thus, the State offered sufficient evidence of each element of the offense of Assault to warrant submitting the case to a trier of fact. The evidence also refutes Artemus's claim that the trier of fact lost its way in finding that he knowingly caused or attempted to cause physical harm to Rabee. The testimony of the State's witnesses is not inherently implausible, and we can see no basis, in this record, for concluding that the finder of fact lost its way in deciding to credit that testimony. This is not one of those exceptional cases warranting reversal.
 {¶ 16} Artemus's sole assignment of error is overruled.
 III {¶ 17} Artemus's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1