JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Robert Horton ("defendant"), appeals from the judgment entered pursuant to a jury trial finding him guilty of drug trafficking and drug possession. He asserts that the trial court erred in allowing scientific evidence to be introduced at trial and that his trial counsel was deficient for failing to move for acquittal following the State's case. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} At trial, the following facts were established: On October 17, 2004, detectives from the Cleveland Police Department set up a "buy-bust" detail in front of Dailies Restaurant at 3019 East 116th Street in Cleveland, Ohio. A "buy-bust" detail is an operation in which an undercover officer and a confidential informant ("CI") attempt to make buys from suspected drug dealers. Cleveland Vice Detective John Hall ("Det. Hall"), the spotter in the surveillance team, testified that he had been conducting surveillance in front of Dailies Restaurant because it was known as an area of drug activity. Det. Hall obtained a CI for a "controlled buy."
 {¶ 3} Prior to arriving at the area of Dailies Restaurant, Det. Hall patted down the CI to ensure that he did not have any money or drugs on his person. The CI then got into an unmarked vehicle with Cleveland Vice Detective Evans ("Det. Evans"), the handler in the surveillance team, and was given marked currency. Det. Evans and the CI then approached the area where the defendant was. Det. Hall parked his car in a location where he could watch everything that was going on and watched the CI get out of Det. Evan's vehicle. The CI engaged in a brief conversation with the defendant. The CI gave defendant some money and received a small bag in exchange. The contents of the bag were later determined to be crack cocaine by scientist Cynthia Lewis ("Lewis") of the Cleveland Police Department Scientific Investigation Unit.
 {¶ 4} After the CI returned to the vehicle, Det. Hall radioed Sergeant Jerome Barrows ("Sgt. Barrows") of the "takedown" unit to arrest defendant. Shortly thereafter, Sgt. Barrows apprehended defendant and recovered the marked currency and a crack pipe, which later tested positive for cocaine residue, from the defendant's person. Det. Hall was still at the scene and was able to positively identify the defendant as the person he observed selling the crack cocaine to the CI.
 {¶ 5} On November 15, 2004, defendant was indicted for two counts of trafficking in drugs, in violation of R.C. 2925.03 and two counts of possession of drugs, in violation of R.C. 2925.11. Defendant pled not guilty and the matter proceeded to a jury trial on January 6, 2005. At trial, defendant was convicted of all counts as charged and sentenced to concurrent terms of eleven months each.
 {¶ 6} Defendant appeals his convictions and raises two assignments of error for our review.
 {¶ 7} "I. Defendant-appellant was not accorded effective assistance of counsel in that counsel did not move for acquittal on Counts One thru Three of the indictment."
 {¶ 8} In his first assignment of error, defendant contends that he was denied his constitutional right to effective assistance of counsel. Specifically, defendant argues that he was prejudiced when his trial counsel failed to move for acquittal on Counts One through three pursuant to Crim.R. 29.
 {¶ 9} To reverse a conviction on the grounds of ineffective assistance of counsel, this Court must find that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v. Washington (1984), 466 U.S. 668, 687. Counsel's performance is deficient if it falls below an objective standard of reasonable representation. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Id. at paragraph three of the syllabus.
 {¶ 10} The purpose of a Crim.R. 29 motion for acquittal is to test the legal sufficiency of the evidence. Dayton v. Rogers
(1979), 60 Ohio St.2d 162. Such a motion should not be granted where the evidence is such that reasonable minds can reach different conclusions as to whether each essential element of the crime has been proven beyond a reasonable doubt. State v.Bridgeman (1978), 55 Ohio St.2d 261. A trial court may grant a Crim.R. 29 motion only if reasonable minds could not but find reasonable doubt as to defendant's guilt. State v. Apanovitch
(1987), 33 Ohio St.3d 19. In ruling on the motion, the trial court must construe the evidence most strongly in favor of the State. State v. Evans (1992), 63 Ohio St.3d 231.
 {¶ 11} Here, defendant was charged with drug possession and drug trafficking. R.C. 2925.03 defines the crime of drug trafficking as follows:
 {¶ 12} "(A) No person shall knowingly do any of the following:
 {¶ 13} "(1) Sell or offer to sell a controlled substance;
 {¶ 14} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 15} R.C. 2925.11(A) defines the crime of drug possession and provides that "no person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 16} When looking at the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of drug trafficking and drug possession proven beyond a reasonable doubt. At trial, Det. Hall positively identified defendant as the person who engaged in a hand-to-hand transaction with the CI. Sgt. Barrows positively identified defendant as the person he apprehended shortly after this transaction and from whom he recovered the marked currency and crack pipe. While neither Sgt. Barrows nor Det. Hall could identify the rock-like substance in the bag as crack cocaine, Cynthia Lewis of the Cleveland Police Department Forensic Unit testified that the lab results conducted upon the bag recovered from the CI and the crack pipe recovered from the defendant were positive for crack cocaine and cocaine. This evidence is legally sufficient to demonstrate that defendant knowingly possessed and sold a controlled substance, in violation of R.C. 2925.11(A) and2925.03.
 {¶ 17} Defense counsel's failure to move for a Crim.R. 29 acquittal does not constitute deficient performance when there is no reasonable possibility the motion would succeed. State v.Brown, Montgomery App. No. 19113, 2002-Ohio-6370. On the record before us, a Crim.R. 29 motion for acquittal had virtually no chance of success, and defense counsel did not perform deficiently in failing to file that motion. Accordingly, ineffective assistance of counsel has not been shown related to defense counsel's failure to move for acquittal on Counts One through Three following the State's case.
 {¶ 18} Assignment of Error I is overruled.
 {¶ 19} "II. Defendant-appellant was denied due process when the court permitted the testimony of a witness not on the prosecution's witness list."
 {¶ 20} In this assignment of error, defendant argues that he was denied due process when the State failed to notify him of its intention to call Cynthia Lewis of the Cleveland Police Department as a scientific expert witness until the day of trial. We disagree.
 {¶ 21} The trial court has broad discretion in regulating discovery. State v. Scudder (1994), 71 Ohio St.3d 263, 269. When a discovery violation occurs, the trial court should impose the least severe sanction that is consistent with the purposes of the discovery rules. Lakewood v. Papadelis (1987),32 Ohio St.3d 1. We will not disturb the trial court's choice of remedy absent an abuse of discretion. State v. Apanovitch (1987),33 Ohio St.3d 19, 26.
 {¶ 22} Pursuant to Crim.R. 16 (B)(1)(e), the State is required to provide a criminal defendant with the names of all individuals that the State intends to call as witnesses at trial. When a party fails to comply with Crim.R. 16, the trial court may order compliance, grant a continuance, exclude evidence that has not been disclosed, or make such other order as the trial court deems just under the circumstances. Crim.R. 16(E)(3).
 {¶ 23} When the State fails to disclose the name of a witness, the trial court does not abuse its discretion by admitting the testimony of the witness if: (1) the State's failure to disclose the witness was not willful; (2) foreknowledge of the witness would not have aided preparation of the defense; and (3) the defendant was not unfairly prejudiced by the admission of the evidence. State v. Heinish (1990),50 Ohio St.3d 231, 236, citing State v. Parson (1983),6 Ohio St.3d 442, 445-446.
 {¶ 24} Here, the defendant concedes that the State's failure to disclose Lewis as a witness was not willful. Next, there is no indication that knowledge of Lewis's identity would have aided in the defendant's defense or that the defendant was prejudiced by not knowing her identity prior to trial. Rather, the record indicates that defense counsel knew that the State intended to use the lab results regarding the drugs, even though the witness's name was not identified until the day of trial. Since there was no stipulation that the contents of the bag recovered by the police contained crack cocaine or that the residue found inside the pipe was cocaine, defense counsel was certainly aware that a scientist would be called upon by the State. Accordingly, defendant cannot show that he was unfairly surprised by Lewis's testimony. Finally, defense counsel declined the trial court's offer for an overnight continuance in order to prepare questioning on Lewis's testing methodology. Accordingly, we find that the trial court did not abuse its discretion in permitting the testimony of Cynthia Lewis.
 {¶ 25} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Kilbane, J., concur.